[No. G013376. Fourth Dist., Div. Three. June 10, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT DELGADO, Defendant and Appellant.

**COUNSEL**

Stephen S. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Keith I. Motley and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SILLS, P. J.**—Upon his plea of guilty to attempted murder, assault with a deadly weapon, and several enhancements—infliction of great bodily injury, a prior serious felony conviction and 2 prior prison terms—Delgado was sentenced to a total term of 10 years, offset by 342 days of credits. He complains that he should have received no more than seven years which was the indicated sentence originally offered by the trial court over the objection of the prosecution. At the time the court indicated this sentence, it had no

specific knowledge of Delgado's two prior prison terms. He was given the opportunity to withdraw his guilty plea when the details of his criminal history came to light. He rejected that opportunity, however, and demands the specific performance of the earlier "agreement." We affirm the judgment.

## DISCUSSION

The original change of plea form, which embodied the original offer, stated, "the court will . . . [(e)] preliminarily indicate a sentence based on an understanding of the facts and my background following an on-the-record discussion of the case with the prosecutor and my attorney [Ronald Klar]. I understand that the district attorney has not concurred in the sentence indicated by the court and will express a view as to the appropriate sentence at the sentencing hearing. I understand also, that after reviewing a probation report and holding a hearing as to sentencing at which the district attorney and the victim are entitled to be heard, *the court may conclude a greater or lessor [sic] sentence is appropriate. I understand that in the event the court imposes a sentence greater than the one indicated, I shall not have the right to withdraw my plea of guilty. The court has indicated a sentence of 7 may be appropriate. The court is not bound to impose its indicated sentence* but I am bound by my plea of guilty." (Italics added in part.) The last clause—"but I am bound by my plea of guilty"—was manually crossed out.

This original guilty plea was certified to the superior court, where the prosecution attempted to file an amended complaint adding the two prior prison term enhancements not reflected in the indicated sentence. The defense objected, and the court was forced to return the complaint to municipal court. The superior court indicated at the time of the remand that the seven-year offer was not necessarily revoked.

In the municipal court (for the second time), Delgado had new counsel, Douglas Lobato. Delgado entered a guilty plea to all the charges in the amended complaint after this second magistrate indicated a sentence of 10 years.

Delgado stated he was entering his plea in exchange for the indicated sentence of 10 years, but then added he had already been promised 7 years. The second magistrate offered counsel an opportunity to further consult his client, but counsel assured the court they wanted to proceed. The court, to ensure Delgado knew what was happening, again asked if he understood he was entering *this* guilty plea for the indicated sentence of 10 years. Delgado said yes.

When Delgado returned to the superior court, he demanded specific performance of the original indicated sentence. His previous attorney, Ronald Klar, testified the indicated sentence of seven years was made after a *full* discussion of Delgado's record, although Delgado was only going to admit the prior serious felony. According to Klar, all parties were clear that Delgado had a very lengthy rap sheet, but that he would only admit the prior serious felony conviction enhancement.

It was undisputed the prosecutor did not join in the original indicated sentence offer. It was also undisputed that Delgado was informed an indicated sentence did not *guarantee* that sentence; at the most, it provided him an opportunity to withdraw his plea should the indicated sentence not be imposed. The court then emphasized the difference between honoring an indicated sentence, and being bound by one. Counsel agreed the difference was Delgado's opportunity to withdraw his plea in the event the sentencing hearing resulted in the court's refusal to impose the indicated sentence. But Delgado's counsel emphasized the *impression* on the defendant—as opposed to attorneys or the court—was that a promise was made by the indicated sentence. The court responded a defendant's subjective impressions could not be the deciding factor; the *objective* agreement must be controlling. The motion for specific performance was denied.

At the sentencing hearing, the court gave Delgado the opportunity to withdraw his plea of guilty. Delgado insisted on proceeding with the guilty plea tied to the 10-year indication. He received the 10-year term, the minimum restitution fine, and was ordered to pay $800 in restitution to the victim for medical bills.

██ Delgado received all benefits and remedies to which he was entitled. ██ ██ "When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, . . . must abide by the terms of the agreement. . . . [¶] [W]hen a plea bargain is accepted by the parties *and approved by the court*, the defendant generally 'cannot be sentenced on such plea to a punishment more severe than that specified in the plea . . . .' The court 'shall inform the defendant prior to the making of the plea that (1) *its approval is not binding*, (2) it may, at the time set for the hearing . . . withdraw its approval in the light of further consideration of the matter, and (3) in such a case, *the defendant shall be permitted to withdraw his plea* if he desires to do so.' ([Pen. Code,] § 1192.5.)" (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1024-1025 [1 Cal.Rptr.2d 902, 819 P.2d 861], italics added.)

. Delgado was fully informed the seven-year sentence was not a promise. He then pleaded guilty a second time, knowing he would receive nothing

less than 10 years. Even so, the court gave him the opportunity to withdraw his plea. His remedy for not receiving a sentence promised to him by the court *was* that opportunity—even though no *promise* was ever made here. (54 Cal.3d at pp. 1024-1025.) He declined to do so, perhaps because he was facing a maximum possible sentence of 19 years. Contrary to Delgado's interpretation, specific performance is *not* the appropriate, or even reasonable, remedy. Even if the first indicated offer was a *guaranteed* sentence, which it was not, "[t]he goal in providing a remedy for breach of the bargain is to redress the harm caused by the violation without prejudicing either party *or curtailing the normal sentencing discretion of the trial judge.* The remedy chosen will vary depending on the circumstances of each case." (*Id.* at p. 1028, internal quotation marks omitted; *Santobello* v. *New York* (1971) 404 U.S. 257, 264 [30 L.Ed.2d 427, 434, 92 S.Ct. 495].) Delgado was given the opportunity to withdraw his plea, a reasonable response to the court's change of mind after learning in greater detail of Delgado's criminal history. To order *the court* to specifically perform—as distinct from a prosecutor who breaks a bargained-for promise—would "curtail[] the normal sentencing discretion of the trial judge. . . ." (*Walker, supra,* 54 Cal.3d at p. 1028.)

An indicated sentence is just that: an indication. Until sentence is actually imposed, no guarantee is being made. We are again "tempted at this point to quote that eminent philosopher, baseball great Yogi Berra: 'The umpire ain't ruled until he's ruled.' " (*City of Stanton* v. *Cox* (1989) 207 Cal.App.3d 1557, 1564 [255 Cal.Rptr. 682].)

The judgment is affirmed.

Sonenshine, J., and Crosby, J., concurred.

A petition for a rehearing was denied June 16, 1993, and appellant's petition for review by the Supreme Court was denied September 15, 1993.