[No. E050692. Fourth Dist., Div. Two. Dec. 8, 2010.]

THE PEOPLE, Plaintiff and Appellant, v.
JOSE LUIS LABORA, Defendant and Respondent.

---

**COUNSEL**

Rod Pacheco, District Attorney, and Matt Reilly, Deputy District Attorney, for Plaintiff and Appellant.

Stephen S. Buckley, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**RAMIREZ, P. J.**—Pursuant to Penal Code section 1238, subdivision (a)(10),[1] the People appeal the judgment entered against defendant and respondent Jose Luis Labora. They contend the judgment was a result of judicial plea bargaining. We determine that the People have standing and judicial plea bargaining did occur. Accordingly, we reverse the judgment and direct the trial court to give defendant the opportunity to withdraw his guilty plea.

## I. BACKGROUND

On November 2, 2009, defendant pled guilty to forcible spousal rape (§ 262, subd. (a); count 1), assault with force likely to cause great bodily injury (§ 245, subd. (a)(1); count 2), making a criminal threat (§ 422; count 3), and false imprisonment (§ 236; count 4). He also admitted using a dangerous weapon during the count 2 assault. (§§ 667, 1192.7, subd. (c)(23).) Defendant's plea was conditioned on receiving a sentence of six years.

The trial court commenced the change of plea hearing by noting it had found a change of plea form waiting on the bench when it arrived. The plea form indicated that the plea was a plea to the court, with a custody term of six years. The trial court found a factual basis in the preliminary hearing transcript, which it had previously read for pretrial motions. While obtaining defendant's plea and necessary waivers, the trial court stated: "Now, in the change of plea form, as I said when we started, I have indicated I've discussed this case with your attorney and the district attorney—and I'm sure he's told you about that—and I told him when he said you were contemplating doing this, and he asked what sentence I would get. And based on the fact that you're—my understanding of your record is that you have one previous conviction, which was a misdemeanor, domestic violence case involving the same victim as in this case. And that was all. And in view of that, I said I would give you a mid-term for the first count or six years, and run the others concurrent. [¶] Now, that's what I said. This is not an agreement between myself and the district attorney or anything, just my unilateral say about what the sentence would be. [¶] Other than that which you have—that's what I said, and that's what I would do. I mean, I'm a man of my word."

---

[1] Undesignated statutory references are to the Penal Code.

After the plea was entered and accepted, the prosecutor requested, and was permitted, to voice her objection to the plea. "Your Honor, as the Court knows and we talked about it in chambers, and I know it was stated previously on the record that this was a plea to the Court, but the People object to having the Court allow the defendant to enter a plea on the day of trial on the day set for jury selection. And, additionally, I just wanted to make it clear that initially the Court's indicated sentence to the defendant had been six years, eight months." The trial court responded, "I said—we were talking about it and I said I'd go with the middle term. And I said I might go with the one of the 1623 [sic] consecutive. That's what I said, yeah." The prosecutor replied, "And I know we went back into chambers after lunch, and defense counsel had asked the Court to consider running everything concurrent to the middle term of six years on Count 1. And it is the People's position that that is—that amounts to judicial plea bargaining. So, for that reason, we also object to the plea, as well as, objecting to allowing the defendant to plead guilty pursuant to [*People v. West* (1970) 3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409]]. [¶] So, for those reasons, we object. Thank you." The trial court then adjourned the hearing.

At the beginning of the sentencing hearing, the People again objected: "I know I put this part of it on the record last time, but the People do object to the plea to the Court based on the fact that when we were in chambers . . . as we were going through the [Evidence Code section] 402 motions, I believe defense asked for an indicated sentence in this case from the Court. And the Court indicated six years and eight months. [¶] After the lunch hour, the defense indicated that the defendant was considering that, but would the Court be inclined to give him six years instead of the six years and eight months previously indicated. And I know that the Court indicated at that time it felt it was being a little bit nickel[ed] and dimed by the defense, but agreed to it anyway. [¶] For those reasons the People do object to the plea to the Court based on the fact that it seems to be judicial plea bargaining with his Honor and defense counsel." Defense counsel then addressed the allegation, "At any time a defendant, as this Court knows, can plea to the Court. [Defendant] did plea to everything. He pled as charged. And the Court did give an indicated sentence of six years. I do not believe it was judicial plea bargaining. It simply was an indicated of six years in which he took [sic]. I don't think there's any merit to judicial plea bargaining."

The trial court then responded, "Well, first of all, I'm not sure what the People—other than reciting what they recited, I don't—I'll try to put it this way: I can only—people can say whatever they want to say, generally within bounds, which everything has been so far. But in order for me to do something, somebody has to say what they want me to do or not to do. And nobody said anything. I mean, nobody said, 'Judge, I have a motion. I want you to do this.' Then I can respond. [¶] But if they just say this is what

happened, there's nothing to respond to. That's what I'm trying to say. So as of right now, um, I'm just saying, I hear you, and we discussed this—I mean, this isn't the first time that you said that. And this is—nothing has changed about the sequence of events and so forth. And so I'm construing it as the People wanted to make the record clear about what they thought, and the record is quite clear. It's been from the first, and I respect that. But I'm ready to proceed."

After statements by the prosecutor, the victim, and relatives, as well as recitation of a letter from defendant's mother, defendant's trial counsel presented his sentencing argument. Defendant's trial counsel concluded his argument by noting that the plea was "a *People versus West* plea. The reason that [defendant] decided to enter into this plea to the Court was because of the fact that in chambers we had gone over evidentiary motions. And this Court did state that you were going to allow in all the [Evidence Code section] 1109 evidence. You were also going to allow in all the [Evidence Code section] 1109[, subdivision] (e) evidence. Moreover, the Court was going to allow in the [Evidence Code section] 1108 evidence. And following that, you were going to preclude any of the [Evidence Code section] 1103 he had against the complaining witness. [¶] Based on that, and the overwhelming evidence that was presented, [defendant] did decide to take a plea to the Court."

The trial court then explained, at length and in detail, its sentencing decision, including stating, "I still have to decide what the appropriate sentence should be and what . . . should be done. I have to make that decision." The trial court concluded, "Long and short of it is, I think that the sentence I contemplated before is the appropriate one." The trial court then imposed a midterm sentence of six years for count 1, with concurrent midterms imposed on the remaining counts. Thus, the trial court imposed the sentence term upon which defendant's plea was conditioned.

## II. DISCUSSION

The People contend the judgment is a result of judicial plea bargaining. Defendant contends (1) the People are not authorized to bring this appeal; (2) judicial plea bargaining did not occur; and (3) that if improper judicial plea bargaining occurred defendant is still entitled to specific performance of the initial indicated sentence of six years eight months.[2] Without conceding, the People do not object to defendant's proposed remedy should they prevail.

---

[2] Defendant also contends that the People failed to provide an adequate record and forfeited the claim by failing to pursue it in the trial court. However, the People augmented the record to include the hearing at which the plea was taken, and the prosecutor timely objected at this hearing (in addition to objecting at the time of sentencing).

We determine that the People may raise this issue on appeal, that judicial plea bargaining did occur, and that defendant is entitled to the opportunity to withdraw his plea but not entitled to specific performance of the initial indicated sentence.

### A. Standing

Defendant contends that because the imposed sentence was not itself unlawful, the People could not raise this claim under section 1238, subdivision (a)(10). However, among the allegations against defendant was that he personally used a deadly weapon in the count 2 assault (§ 1192.7, subd. (c)(23)) and, thus, his case was ineligible for plea bargaining under section 1192.7.[3] Accordingly, if judicial plea bargaining occurred, the sentence would be unlawful and inconsistent with the section 1192.7 allegation and admission. Furthermore, judicial plea bargaining in itself, regardless of a section 1192.7 allegation, is illegal, and when done over a prosecutor's objection is an act in excess of the trial court's jurisdiction. (*People v. Turner* (2004) 34 Cal.4th 406, 417–418 [20 Cal.Rptr.3d 182, 99 P.3d 505] (*Turner*) ["If the court, however, enters into a plea bargain with the defendant over the objection of the prosecutor, it 'contravene[s] express statutory provisions requiring the prosecutor's consent to the proposed disposition, . . . detract[s] from the judge's ability to remain detached and neutral in evaluating the voluntariness of the plea and the fairness of the bargain to society as well as to the defendant, and . . . present[s] a substantial danger of unintentional coercion of defendants who may be intimidated by the judge's participation in the matter.' "].)

Thus, the People may raise this issue on appeal because they are challenging whether the sentence was lawful. (See *People v. Trausch* (1995) 36 Cal.App.4th 1239, 1243, fn. 5 [42 Cal.Rptr.2d 836] [People's claim of unlawful sentence was within the scope of appeal even if sentence was lawful].)

### B. Judicial Plea Bargaining

#### 1. Standard of Review

"On appeal, we presume that a judgment or order of the trial court is correct, ' "[a]ll intendments and presumptions are indulged to support it on

---

[3] Limited exceptions may apply to permit plea bargaining under section 1192.7, subdivision (a)(2), if there is insufficient evidence, a witness cannot be located, or a reduction or dismissal would not substantially change a sentence. However, defendant's trial counsel stated that the plea was agreed to because of "the overwhelming evidence that was presented." Thus, none of the exceptions apply.

matters as to which the record is silent, and error must be affirmatively shown." ' [Citation.]" (*People v. Giordano* (2007) 42 Cal.4th 644, 666 [68 Cal.Rptr.3d 51, 170 P.3d 623].) We review allegations of judicial plea bargaining for abuse of discretion. This is because we may void the act of a trial court that is "in excess of the trial court's jurisdiction" (*In re Andres G.* (1998) 64 Cal.App.4th 476, 483 [75 Cal.Rptr.2d 285]), and " 'judicial plea bargaining in contravention of existing law are acts in excess of a court's "jurisdiction" ' . . ." (*Turner, supra,* 34 Cal.4th 406, 418).

## 2. *Plea Bargaining*

Plea bargaining is "any bargaining, negotiation, or discussion between a criminal defendant, or his or her counsel, and a prosecuting attorney or judge, whereby the defendant agrees to plead guilty or nolo contendere, in exchange for any promises, commitments, concessions, assurances, or consideration by the prosecuting attorney or judge relating to any charge against the defendant or to the sentencing of the defendant." (§ 1192.7, subd. (b) [defining plea bargaining "[a]s used in this section"].)

■ " 'The process of plea bargaining which has received statutory and judicial authorization as an appropriate method of disposing of criminal prosecutions contemplates an agreement negotiated by the People and the defendant and approved by the court. [Citations.] Pursuant to this procedure the defendant agrees to plead guilty in order to obtain a reciprocal benefit, generally consisting of a less severe punishment than that which could result if he were convicted of all offenses charged. [Citation.] This more lenient disposition of the charges is secured in part by prosecutorial consent to the imposition of such clement punishment . . . . [I]mplicit in all of this is a process of "bargaining" between the adverse parties to the case—the People represented by the prosecutor on one side, the defendant represented by his counsel on the other—which bargaining results in an agreement between them.' [Citations.]" (*People v. Woosley* (2010) 184 Cal.App.4th 1136, 1145 [109 Cal.Rptr.3d 449] (*Woosley*).)[4] Plea bargaining can affect what charges defendants are convicted of, i.e., charge bargaining. (*People v. Brown* (1986) 177 Cal.App.3d 537, 548 [223 Cal.Rptr. 66].) Plea bargaining can also affect the sentences defendants receive, i.e., sentence bargaining. (*Ibid.*)

As discussed *ante*, because of the section 1192.7 allegation against defendant, he was ineligible for any plea bargaining, either charge bargaining or sentence bargaining. Additionally, defendant could not plead guilty to forcible

---

[4] At oral argument, counsel for defendant challenged our reliance on *Woosley* because *Woosley* is factually inapposite. However, we rely on *Woosley* for its statement of the law, not because it is factually analogous. Counsel did not challenge the statement of law provided by *Woosley* or any of the precedent relied upon by the *Woosley* court.

spousal rape (§ 262, subd. (a)(1)) and "specify the punishment [or] the exercise by the court . . . of other powers legally available to it." (§ 1192.5.) In other words, defendant could not sentence bargain or bargain as to the application of any sentence enhancements.

### 3. *Plea Bargaining and Indicated Sentences*

 " ' "[The] court has no authority to substitute itself as the representative of the People in the negotiation process and under the guise of 'plea bargaining' to 'agree' to a disposition of the case over prosecutorial objection." [Citation.] The "plea bargaining" process foreclosed to the judicial branch of government includes the acceptance of a plea of guilty in return for "clement punishment." [Citation.]' [Citation.] [¶] In addition to trenching on prosecutorial discretion, judicial plea bargaining—that is, disposing of charges over the objections of the prosecutor in order to induce a guilty plea—may 'contravene express statutory provisions requiring the prosecutor's consent to the proposed disposition, would detract from the judge's ability to remain detached and neutral in evaluating the voluntariness of the plea and the fairness of the bargain to society as well as to the defendant, and would present a substantial danger of unintentional coercion of defendants who may be intimidated by the judge's participation in the matter.' [Citations.]" (*Woosley, supra*, 184 Cal.App.4th at pp. 1145–1146.)

 " 'Plea bargaining . . . may be related to an "indicated sentence" but is a distinct way of compromising a case short of trial. When giving an "indicated sentence," the trial court simply informs a defendant "what sentence he will impose if a given set of facts is confirmed, irrespective of whether guilt is adjudicated at trial or admitted by plea." [Citations.] An accused retains the right to reject the proposed sentence and go to trial. The sentencing court may withdraw from the "indicated sentence" if the factual predicate thereof is disproved.' [Citations.]" (*Woosley, supra*, 184 Cal.App.4th at p. 1146.)

### 4. *Judicial Plea Bargaining Occurred*

The prosecutor asserted that the sentence indicated by the trial court was initially six years eight months. The trial court stated that it first indicated it might run one of the counts "consecutive." This was the point at which " 'the trial court simply inform[ed] defendant "what sentence [it would] impose if a given set of facts is confirmed, irrespective of whether guilt is adjudicated at trial or admitted by plea." [Citations.]' " (*Woosley, supra*, 184 Cal.App.4th at p. 1146.) Because much of what transpired was off the record, there is nothing in the record that shows that the trial court changed its indicated sentence based upon further explanation of the facts underlying defendant's

case. Accordingly, the trial court's indicated sentence was six years with the possibility of running one of the counts consecutively.

■ However, defendant's plea was conditional on a six-year term and, while taking the plea, the trial court said that it "would give [defendant] a mid-term for the first count or six years, and run the others concurrent." Thus, the trial court's indicated sentence was not the sentence to which defendant pled guilty. Irrespective of whether defendant's trial counsel "nickel[ed] and dimed" the trial court into accepting a reduced sentence, or innocently filled out the plea form and locked the trial court in at six years rather than six years and the possibility of an additional consecutive count, the effect was plea bargaining. This is because the trial court did not simply inform defendant of the sentence he would receive. Instead, by either negotiating with the trial court, or by filling out the form at the low end of the range stated by the trial court, defendant obtained an assurance from the judge relating to sentencing. (§ 1192.7, subd. (b).) Accordingly, defendant's sentence was the product of judicial plea bargaining.

At oral argument, defendant argued that his plea deal should be upheld. He noted the promise from the trial court "that's what I said, and that's what I would do. I mean, I'm a man of my word," and contended that the integrity of the judiciary depended on keeping the word of trial judges. However, this argument supports the conclusion that the trial court had impermissibly entered into a bargain, rather than simply stating an indicated sentence.

## C. *Remedy*

■ Defendant contends that if improper judicial plea bargaining occurred, defendant is entitled to specific performance of the initial indicated sentence of six years eight months. Without conceding, the People do not object to defendant's proposed remedy. However, specific performance is based upon negotiated plea agreements being treated like contracts. (See *People v. Feyrer* (2010) 48 Cal.4th 426, 437 [106 Cal.Rptr.3d 518, 226 P.3d 998].) Defendant did not negotiate a plea agreement with the People under section 1192.5. Instead, he received the assurance of a reduced sentence from the trial court. Accordingly, there is no plea agreement to treat as a contract and specifically enforce. "To order *the court* to specifically perform—as distinct from a prosecutor who breaks a bargained-for promise—would 'curtail[] the normal sentencing discretion of the trial judge . . . .' [Citation.]" (*People v. Delgado* (1993) 16 Cal.App.4th 551, 555 [20 Cal.Rptr.2d 125].) Instead, defendant should be given the opportunity to withdraw his plea. (See *ibid.*)

## DISPOSITION

The judgment is reversed, and the trial court is directed to give defendant the opportunity to withdraw his plea.

Richli, J., and Miller, J., concurred.