Filed 9/17/12  P. v. Winiarz CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JON WINIARZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B247185<br>(Super. Ct. No. 2012005023, 2011036590,<br>2010003303, 2009034696)<br>(Ventura County) |

Jon Winiarz appeals a seven year state prison sentence, imposed after he pled guilty in four cases to felony driving under the influence (DUI) with a prior felony DUI conviction (Veh. Code, §§ 23550.5, subd. (a); 23152, subd. (a)), admitted serving two prior prison terms (Pen. Code § 667.5, subd. (b)[1] and admitted that he was out on bail when he committed the felony DUIs in three case s (§ 12022.1, subd. (b)). The negotiated disposition provided for a seven year-lid indicated sentence.  Appellant contends that the trial court erred in not imposing a lesser sentence. We affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

*Procedural History*

On October 29, 2012, appellant entered a change of plea in four felony DUI case s in exchange for a seven year-lid indicated sentence and a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754.)  Before the change of plea was entered, appellant's trial attorney stated:  "[W]e have discussed the cases at length with the court in chambers.  It's our understanding that the Court is willing to set a top of seven years. . . .  I want to make sure for the record that's noted.  I will be arguing for considerably less at.the time of sentencing, but the Court's commitment, package commitment, is understood by the defense. "

In case number 2012005023 appellant pled guilty to felony DUI with a prior felony DUI conviction (Veh. Code, §§ 23550.5, subd. (a); 23152, subd. (a)), admitted two prior prison term enhancements (§ 667.5, subd. (b)), and admitted three out-on-bail enhancements (§ 12022.1, subd. (b)).

In case number 2009034696 appellant pled guilty to felony DUI with a prior felony DUI conviction and admitted two prior prison term enhancements.

In case number 201003303 appellant pled guilty to felony DUI with a priorfelony DUI conviction and admitted an out on bail enhancement and two prior prison term enhancements.

In case number 2011036590 appellant pled guilty to felony DUI with a prior felony DUI conviction, and admitted two prior prison term enhancements, and that he was out-on bail in Case  number 2009034696 and case number 2010003303 when he committed the DUI.

Before sentencing, appellant moved to withdraw his plea and new counsel was appointed.  Appellant claimed that his prior attorney told him "that I would probably get four years.  [¶]  . . .  [¶]  . . .  I entered the pleas believing I would receive 4 years; however, it appears that the Judge actually indicated it would be 7 years."   Denying the motion, the trial court concluded that there no mistake about the sentence terms.

At sentencing, the trial court advised counsel: "I am either going to give him the seven years that I committed to or I am going to allow him to withdraw his plea and I'll set all these matters for jury trial and he can go to trial." The prosecution objected and argued that appellant was facing "a potential maximum exposure of around 20 years for all of the cases."

Appellant's trial attorney stated: "I am willing to honor seven years at this particular point in time. [¶] [Defense counsel] I think that [appellant] would be agreeable to that." Appellant agreed to be sentenced but stated that "my decision is not based on your offer and on your consideration. My decision is based on the fact that I don't believe that the full package has been rendered to the Court and full recommendation has been complied with."

The trial court denied probation and sentenced appellant to seven years state prison in case number 2012005023, a concurrent two-year term in case number 2010003303, a concurrent two-year term in Case number 2009034696, and a two year concurrent term in case number 2011036590.[2] Appellant was awarded 649 days presentence credit.

*Seven Year-Lid Indicated Sentence*

Appellant claims that the trial court and his trial attorney erroneously assumed that the plea agreement was for a fixed seven year sentence rather than a seven year lid. "[W]hen a plea agreement includes a specified maximum sentence, a provision recognizing the defendant's right to 'argue for a lesser term' is generally understood to mean only that the defendant may urge the trial court to exercise its sentencing discretion in favor of imposing a punishment that is less severe than the

---

[2] In case number 2012005023 the trial court imposed a two-year midterm on the felony DUI, plus four years on two out-on-bail enhancements, plus one-year on a prison prior enhancement, for an aggregate sentence of seven years. In case number 2010003303, case number 2009034696, and case number 2011036590 appellant received two year midterm sentences to be served concurrent to the seven year sentence in case number 2012005023.

3

maximum punishment authorized by law." (*People v. Shelton* (2006) 37 Cal.4th 759, 768.)

It is appellant's burden to show that the trial court misunderstood its sentencing discretion. (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.) The trial court clearly understood that the change of plea was for a seven year-lid indicated sentence. The terms were discussed in court when the change of plea was entered and at the hearing on the motion to withdraw the plea.

At the sentencing hearing, the trial court stated that the sentence would be seven years as indicated but that appellant could withdraw his plea and set the matter for trial if he so desired. (§ 1192.5; see e.g., *People v. Cruz* (1988) 44 Cal.3d 1247, 1253-1254.) Appellant elected to proceed with sentencing and was not prejudiced. "For a defendant's point of view, the purpose of a sentence lid is to protect the defendant from a greater sentence." (*People v. Shelton*, *supra,* 37 Cal.App.4th at p. 768.)

Assuming, arguendo, that the trial court erred in not considering a lesser sentence, remand for sentencing is not required. On these facts, there is no possibility that the trial court would impose a lesser sentence. Appellant was convicted of felony DUI in four different cases, admitted serving two prior prison terms, and admitted that he was out on bail when he committed three of the four felony DUIs.

The trial court stated: "I remember this case very well" and for good reason. Appellant was on parole when he committed three of the DUIs. and his blood alcohol level was .24 percent in case number 2010003303, .25 percent in Case number 2011036590, and .22 percent in case number 2012005023, which is an aggravating sentence factor. (Veh. Code, § 23578.) Case number 2012005023 occurred at the Ventura County Courthouse when appellate appeared on another matter, extremely intoxicated. A deputy waited for appellant to exit the courtroom and heard a gentleman warn appellant, "You have to call a cab, you can't drive." The probation report stated that appellant's "prior record consists of two misdemeanor

4

batteries and nine DUI convictions, and that he served a prison sentence in two of the prior DUI convictions."

Appellant's trial attorney agreed that the indicated seven year sentence "is a low commitment." We agree. "An indicated sentence is just that: an indication. Until sentence is actually imposed, no guarantee is being made." (*People v. Delgado* (1993) 16 Cal.App.4th 551, 555.) Remanding for resentencing would be an idle act because it is not reasonably probable that the trial court would impose a different sentence. (*People v. Coelho* (2001) 89 Cal.App.4th 861, 889.)

The judgments are affirmed.

NOT TO BE PUBLISHED.


                                        YEGAN, J.
We concur:


GILBERT, P.J.


PERREN, J.

5

Ken W. Riley, Judge

Superior Court County of Ventura

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Richard Lennon, Staff Attorney, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Stephanie C. Brenan, Esther P. Kim, Deputy Attorneys General, for Plaintiff and Respondent.