Filed 10/9/14 P. v. Vallejo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>AARON RUBEN VALLEJO,<br><br>  Defendant and Respondent. | H039474<br>(Santa Clara County<br> Super. Ct. No. C1230096) |

Defendant pleaded no contest to robbery. But, as in the companion case *People v. Joseph Esquivel* (Oct. 9, 2014, H039427) [nonpub. opn.], it is the People who appeal from the judgment, as they are authorized to do under Penal Code section 1238, subdivision (a)(10).[1] They contend the trial court abused its discretion in dismissing a charged gang enhancement (§ 186.22, subd. (b)(1)(C)) as part of a judicially brought about, and hence unauthorized, plea bargain arrangement. They are correct: the court exceeded its authority by entering into plea bargaining in off-the-record discussions with the parties in chambers, whose content was confirmed in open court, resulting in a disposition that the prosecution objected to. We reverse the judgment and remand with directions to reinstate the gang enhancement and permit defendant to withdraw his plea.

**BACKGROUND**

---

[1] All statutory references are to the Penal Code.

On April 16, 2012, the People filed a complaint charging defendant and a codefendant, Joseph Esquivel, with second degree robbery (§§ 211, 212.5, subd. (c)). The complaint alleged that the two individuals committed the crime for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)).

Following a preliminary hearing held on September 24 and 25, 2012, a magistrate ordered defendant held to answer on the robbery charge. In issuing the holding order, the magistrate found the gang allegation to be true.

On October 4, 2012, the People filed an information that mirrored the complaint, restating the robbery charge and the gang allegation.

On December 10, 2012, one week after defendant's codefendant Esquivel entered his no contest plea before another judge of the same trial court, defense counsel stated that defendant "is prepared to enter a plea of no contest."

The trial court, obviously anticipating this step in light of what it would later describe as "extensive discussions" that had taken place in chambers and not been reported, stated, "that plea is based upon the court's *offer* of sentencing the defendant to the mitigated term of two years and striking the gang enhancement." (Italics added.) The prosecutor objected, arguing that (1) defendant was a gang member; (2) section 186.22, subdivision (g), permitted striking the punishment for the enhancement but not the enhancement itself; and (3) the court did not have all of the information on which to make such a decision, including evidence that could be adduced at trial and a probation report. At the time, however, the prosecutor did not raise as a ground for objection that the court was engaging in unauthorized plea negotiations with defendant.

Defense counsel responded, "I do think the court has the discretion, and I would advise the court to exercise its discretion to strike the [section] 186.22 [gang enhancement] allegation as to my client *prior to any plea or admission*." (Italics added.)

Defendant pleaded no contest to the robbery charge, but did not admit the gang enhancement. That same day he also signed a written plea form and waiver of rights that

2

listed the robbery charge but not the gang enhancement.[2]  The court then announced it would "strike" the gang allegation—it did not refer to a dismissal at any point during the two hearings on the case disposition, but mentioned repeatedly the striking of the gang allegation.  It stated:  "the court finds good cause to strike the enhancement, and also strikes it pursuant to Penal Code section 1385 in the interest of justice.  [¶] And I'm going to direct the clerk to memorialize these findings in the minute order pursuant to the mandates of Penal Code section 186.22(g)."[3]

The trial court explained its reasons for taking its action.  They were twofold.

---

[2]  The People argue that defendant signed the written agreement before entering the plea in open court, which alleged chronological circumstance they take as additional evidence of conclusive (as far as the trial court and defendant were concerned) off-the-record negotiations in which the court had immersed itself.  The dates of the written agreement and the plea hearing are the same, however—December 10, 2012—and we are unclear about the basis for the People's contention.

[3]  Subdivision (g) of section 186.22 provides:  "Notwithstanding any other law, the court may strike the additional punishment for the enhancements provided in this section or refuse to impose the minimum jail sentence for misdemeanors in an unusual case where the interests of justice would best be served, if the court specifies on the record and enters into the minutes the circumstances indicating that the interests of justice would best be served by that disposition."

Section 1385 provides:  "(a) The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed.  The reasons for the dismissal must be set forth in an order entered upon the minutes.  No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading.

"(b) This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667.

"(c)(1) If the court has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice in compliance with subdivision (a).

"(2) This subdivision does not authorize the court to strike the additional punishment for any enhancement that cannot be stricken or dismissed pursuant to subdivision (a)."

3

"[T]he main reason for the court exercising its discretion in striking this enhancement is the fact that the co-defendant in this matter, who had more involvement in this case and a more extensive criminal history, . . . [and who] was . . . a validated gang member and was armed with a knife during this robbery, did have the gang enhancement stricken sua sponte by another judicial officer in this court." The trial court was referring to Joseph Esquivel. (See *People v. Joseph Esquivel*, *supra*, H039427 [nonpub. opn.].)

Second, "the defendant is very young. He was born on July 8th in 1992, and he was 19 years old at the time of this offense. [¶] Moreover, the defendant has a minimal criminal history, having suffered a conviction of an infraction, a violation of Penal Code section 490.1, and this court is not aware of any juvenile history. [¶] Also, the court is mindful of the fact that the defendant, although he did strike the victim in this case, he did not possess a weapon." Section 490.1 prohibits petty theft of $50 or less.

At the sentencing hearing, held on January 25, 2013, the prosecutor made an offer of proof regarding defendant's gang ties and again argued that the trial court "didn't have authority to strike the gang enhancement prior to receiving evidence about it." He also registered the objection that is the subject of this appeal: section "1385 was not made to allow the court to enter into what amounts to an illegal plea bargain, because it involves taking away a charge which is the province of the D.A.'s office." Finally, he argued that the court could look only to subdivision (g) of section 186.22, and not section 1385, in terms of lessening the punitive effect of the gang enhancement. (See *People v. Campos* (2011) 196 Cal.App.4th 438, 452-454.) He urged that subdivision (g) of section 186.22 "only allows punishment to be stricken, not the allegation itself."

The trial court rejected all of these contentions on the merits. It also wondered whether they were procedurally barred on timeliness grounds: "I'm not really certain that these objections are even timely at this point. Perhaps these objections should have been made in greater detail at the time the plea was taken."

4

The trial court sentenced defendant to two years in prison for the robbery.  It then recited a number of measures that would apply to defendant in light of his conviction.  The prosecutor asked that they include "gang conditions."  The court replied, "I don't believe that would be appropriate, the gang enhancement having been stricken."

The People filed a timely notice of appeal on March 22, 2013.[4]

### DISCUSSION

As stated in the introduction, the trial court dismissed the gang enhancement pursuant to a judicially induced, and thus unauthorized, plea bargain.

### *Standard of Review*

"We review allegations of judicial plea bargaining for abuse of discretion.  This is because we may void the act of a trial court that is 'in excess of the trial court's jurisdiction' [citation] and ' "judicial plea bargaining in contravention of existing law [is an act] in excess of a court's 'jurisdiction' " ' [citation]."  (*People v. Labora* (2010) 190 Cal.App.4th 907, 914.)

### *The Trial Court Engaged in Judicial Plea Bargaining*

"The process of plea bargaining . . . contemplates an agreement negotiated by the People and the defendant and approved by the court.  [Citations.]  Pursuant to this procedure the defendant agrees to plead guilty in order to obtain a reciprocal benefit, generally consisting of a less severe punishment than that which could result if he were convicted of all offenses charged.  [Citation.]  This more lenient disposition of the charges is secured in part by prosecutorial consent to the imposition of such clement punishment [citation], by the People's acceptance of a plea to a lesser offense than that charged, either in degree [citations] or kind [citation], or by the prosecutor's dismissal of

---

[4] On June 11, 2013, this court ordered this appeal and the appeal of defendant's codefendant, *People v. Joseph Esquivel*, *supra*, H039427 [nonpub. opn.], to be considered jointly for purposes of argument and disposition.  We will file a separate opinion in *Esquivel*.

one or more counts of a multi-count indictment or information. Judicial approval is an essential condition precedent to the effectiveness of the 'bargain' worked out by the defense and prosecution. [Citations.] But implicit in all of this is a process of 'bargaining' between the adverse parties to the case—the People represented by the prosecutor on one side, the defendant represented by his counsel on the other—which bargaining results in an agreement between them." (*People v. Orin* (1975) 13 Cal.3d 937, 942-943.)

"Because the charging function is entrusted to the executive, 'the court has no authority to substitute itself as the representative of the People in the negotiation process and under the guise of "plea bargaining" to "agree" to a disposition of the case over prosecutorial objection.' [Citation.]" (*People v. Clancey* (2013) 56 Cal.4th 562, 570 (*Clancey*).) "If the court . . . enters into a plea bargain with the defendant over the objection of the prosecutor, it 'contravene[s] express statutory provisions requiring the prosecutor's consent to the proposed disposition, . . . detract[s] from the judge's ability to remain detached and neutral in evaluating the voluntariness of the plea and the fairness of the bargain to society as well as to the defendant, and . . . present[s] a substantial danger of unintentional coercion of defendants who may be intimidated by the judge's participation in the matter.' [Citation.]" (*People v. Turner* (2004) 34 Cal.4th 406, 418, brackets and ellipses in original.) " 'A court may not offer any inducement in return for a plea of guilty or nolo contendere. It may not treat a defendant more leniently because he foregoes [*sic*] his right to trial . . . .' [Citation]." (*In re Lewallen* (1979) 23 Cal.3d 274, 278-279.)

Here, the record shows that the trial court engaged in judicial plea bargaining. It offered to dismiss the gang enhancement in exchange for defendant's plea and he accepted—an agreement made over the prosecutor's objection. As stated, the court placed on the record the circumstance that the case disposition would be "based upon the

court's *offer* of sentencing the defendant to the mitigated term of two years and striking the gang enhancement." (Italics added.)

Defendant contends that the trial court merely announced an indicated sentence, and that this indicated sentence was not a bargain requiring prosecutorial consent. Not so.

" 'A trial court may provide the defendant an "indicated sentence" if he or she pleads guilty or no contest to all charges and admits all allegations.' " (*Clancey, supra,* 56 Cal.4th at p. 577.) "In an indicated sentence, a defendant admits all charges, including any special allegations[,] and the trial court informs the defendant what sentence will be imposed. No 'bargaining' is involved because no charges are reduced. [Citations.] In contrast to plea bargains, no prosecutorial consent is required." (*People v. Allan* (1996) 49 Cal.App.4th 1507, 1516.) "Only where a plea is tendered to all charged counts and the court announces an 'indicated sentence' premised upon the plea, thus not implicating the exclusive power of the executive as to the charging of crimes, does the defendant avoid the necessity of the prosecutor's approval of the 'bargain.' " (*People v. Brown* (1986) 177 Cal.App.3d 537, 551-552, fn. 17.)

Here, defendant never admitted the gang enhancement. Rather, he pleaded no contest to robbery and the trial court dismissed the gang enhancement as part of an "offer," made by the court, to him. Given that he did not plead guilty or no contest to the charge and admit the gang allegation, i.e., " 'plead to the sheet' " (*Clancey*, *supra*, 56 Cal.4th at p. 569), his indicated-sentence argument fails.

*Clancey*, *supra*, 56 Cal.4th 562, identified four circumstances bearing on whether a trial court merely commented on an indicated sentence or, rather, engaged in unauthorized plea bargaining. None helps defendant.

"First, in order to preserve the executive's prerogative to conduct plea negotiations, a trial court generally should refrain from announcing an indicated sentence while the parties are still negotiating a potential plea bargain." (*Clancey, supra,* 56

7

Cal.4th at p. 574.) Plainly, given the prosecutor's complaints about the case disposition, negotiations had so far been unavailing and if they were complete, it was because they were at a stalemate. To be sure, *Clancey*'s language on this point is precatory, not mandatory, but the first factor militates against the presence of an indicated sentence.

"Second, a trial court should consider whether the existing record concerning the defendant and the defendant's offense or offenses is adequate to make a reasoned and informed judgment as to the appropriate penalty. The utility of an indicated sentence necessarily depends on the quality of the information available to the court at an early stage concerning the offense and the defendant's criminal history." (*Clancey, supra,* 56 Cal.4th at p. 575.)

The trial court stated that it had extensively reviewed the case file before reaching its decision and made clear that it believed it had an adequate understanding of defendant's gang background. "The court," it stated, "had the opportunity to review the court file in this matter. And I think the findings that I made in striking the gang enhancement, they were made on the record. And the fact [is] that the defendant was very young, he had a minimum criminal history, he did not possess the weapon, and . . . the co-defendant had more involvement and was a gang member."

On the other hand, the trial court had not seen a gang report or a probation report. The prosecutor said, in his offer of proof, that a "report"—presumably a gang report that he was asking the court to read—"shows what the gang expert would have testified to, including the fact that between 2008 and 2012 this defendant was stopped at least 11 times by San Jose Police, and every one of those times he was with an accredited gang member or documented gang member. . . . And that included being arrested twice; being present at the scene of a fight with 20 people with hammers and other types of implements, and also being present where there was a knife fight. [¶] And that report includes photos of the defendant's tattoos, which the gang expert would have related were gang tattoos, . . . [and] photos from the co-defendant's Facebook account, which show

8

pictures of this defendant with him and others in gang clothing, with gang attire, a photo of the place where the defendant was arrested and believed to be living with gang graffiti on the walls, [and] a *Huelga* flag, which the gang expert would testify is indicia of gang membership . . . ."**5**

*Clancey*'s language on the second factor also is precatory, not mandatory, but it too militates against the presence of an indicated sentence, because the court's familiarity with the circumstances remained incomplete. Indeed, the court's reference to the co-defendant, Esquivel, being "a gang member," as the court was comparing Esquivel to defendant, suggests that the court had some remaining doubt whether defendant was a gang member. Earlier, defense counsel had stated, "There are, apparently, some documentations of contacts with other people who appear to have some gang ties. However, it doesn't appear that my client is entrenched in the gangs, [or] made [any] admission about gang activity previously."

"Third, 'a court may not offer any inducement in return for a plea of guilty or nolo contendere. It may not treat a defendant more leniently because he foregoes [*sic*] his right to trial or more harshly because he exercises that right.' " (*Clancey, supra,* 56 Cal.4th at p. 575.) This language, which we referred to earlier in the opinion, is dispositive of the question. It is clear from the record that the court offered defendant a more lenient disposition in return for his plea—it made a statement confirming this.

"Fourth, a trial court may not *bargain* with a defendant over the sentence to be imposed." (*Clancey, supra,* 56 Cal.4th at p. 575.) As we have stated, the record permits no other conclusion than that the court did this.

---

**5** "The Norteños use certain motifs to identify and promote the gang. These include the number 14, the color red, the logos of the San Francisco Giants professional baseball team, and the iconic *huelga* eagle that is the symbol of the United Farm Workers agricultural labor union. (*Huelga* is Spanish for a labor strike.)" (*People v. Jasso* (2012) 211 Cal.App.4th 1354, 1358.)

*Other Contentions*

Other contentions require brief comment. The parties dispute whether the trial court's sole option for providing lenity to defendant is through subdivision (g) of section 186.22, or whether it may also rely on section 1385, as it did, citing both provisions as authority for its action. We need not consider this question here, however, because nothing in either statute authorizes a court to engage in plea bargaining and arrive at a result that a party objects to—thus, whether only one of the statutes is available to the court, or instead both are, is a question to be considered at a proper stage in any further proceedings. Also, defendant argues that the People have forfeited certain claims on appeal by failing to structure them adequately in their opening brief. We perceive no such deficiency and reject the claim. Finally, we note the court's concern about whether the People's contention was procedurally barred as untimely, but need not address that question either, inasmuch as the court made no ruling on that point, but only ruminated about it.

## CONCLUSION

The trial court engaged in judicial plea bargaining. In so doing, it precluded prosecution of the gang enhancement allegation and thus usurped the "charging function" that "is the sole province of the executive." (*Clancey*, *supra*, 56 Cal.4th at p. 574.) We reverse the judgment and remand the matter to the trial court with directions to reinstate the dismissed gang enhancement allegation and give defendant the opportunity to withdraw his no contest plea.

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with directions to reinstate the gang enhancement allegation and give defendant the opportunity to withdraw his no contest plea.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.

11