Filed 10/9/14  P. v. Esquivel CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Appellant,<br><br>     v.<br><br>JOSEPH ESQUIVEL,<br><br>     Defendant and Respondent. | H039427<br>(Santa Clara County<br> Super. Ct. No. C1230096) |

Defendant Joseph Esquivel pleaded no contest to robbery and admitted a weapon allegation.  But, as in the companion case *People v. Aaron R. Vallejo* (Oct. 9, 2014, H039474) [nonpub. opn.], it is the People who appeal from the judgment of conviction entered against him, as they are authorized to do under Penal Code section 1238, subdivision (a)(10).[1]  They contend the trial court abused its discretion in dismissing a charged gang enhancement (§ 186.22, subd. (b)(1)(C)) as part of a judicially brought about, and hence unauthorized, plea bargain arrangement.  They are correct:  the court exceeded its authority by entering into plea bargaining, over the prosecution's objections, in off-the-record discussions with the court and defense counsel in chambers whose content was confirmed in open court, resulting in a sentence that the prosecution objected

---

[1]  All statutory references are to the Penal Code.

to. We reverse the judgment and remand with directions to reinstate the gang enhancement and permit defendant to withdraw his plea to the charged offense and the weapon allegation.

## BACKGROUND

On April 16, 2012, the People filed a complaint charging defendant and a codefendant, Aaron Ruben Vallejo, with second degree robbery (§§ 211, 212.5, subd. (c)). The complaint alleged that the two individuals committed the crime for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)). The complaint further alleged that defendant used a deadly and dangerous weapon (§ 12022, subd. (b)(1)).

Following a preliminary hearing held on September 24 and 25, 2012, a magistrate ordered defendant held to answer on the charge of second degree robbery. In issuing the holding order, the magistrate found the gang and weapon allegations to be true.

On October 4, 2012, the People filed an information that mirrored the complaint, restating the robbery charge and the gang and weapon allegations.

At the beginning of a hearing on December 3, 2012, the trial court stated, "We have a disposition as to Mr. . . . Esquivel . . . ." "I'll state my understanding of the agreement: You will plead no contest to one count of a felony violation of Penal Code Section 211. That's robbery. Upon your plea of guilty or no contest to that charge and [your] admission of the weapon enhancement under 12022(b)(1), . . . you'll be sentenced to the mitigated term of three years plus one year for the weapon enhancement for a total of four years. There is a Penal Code Section 186.22(b)(1)[(C)] enhancement. . . . I would dismiss that as a condition of the plea over the People's objection to reach a disposition in this case."

After the court's statement, the prosecutor renewed an objection to dismissal of the gang enhancement he had made during the off-the-record discussion that led to the plea

2

agreement. The court said, "Thank you." Immediately thereafter, defendant pleaded no contest to the robbery charge and admitted the weapon allegation. The court then dismissed the gang allegation, stating, "In view of the plea and in the interest of justice, the court dismisses the [section] 186.22(b)(1)[(C)] allegation. The court emphasized and clarified: "I am dismissing, over the People's objection, a gang enhancement under Penal Code Section 186.22(b)(1)[(C)]. *That's a condition of the plea*."[2] (Italics added.)

At the sentencing hearing on January 18, 2013, the prosecutor argued forcefully and at greater length that the trial court's dismissal of the gang enhancement was "inappropriate and an abuse of discretion and outside the court's jurisdiction." He emphasized: "The fact that the court [dismissed] an allegation that the People were prepared to prove up is a plea bargain by the court and . . . could be considered really nothing else." He further stated, "we would ask that that the court withdraw that offer and, if necessary, allow the defendant to withdraw his plea and go to trial on the matter." Defense counsel responded, "The court made an offer to [defendant]. He entered a plea based on his understanding of the court's feeling about what was a just and fair sentence for him."

The trial court stated that it would leave the disposition intact. In explaining its reasoning, it said, as pertinent to this appeal, that what defense counsel had just described as the court's "original decision" was "for the benefit of an early plea." Defense counsel echoed the court's understanding, saying, "The court made an offer to Mr. Esquivel."

The trial court sentenced defendant to three years in prison for the robbery and one year in prison for the weapon allegation.

---

[2] When the court dismissed the gang enhancement, it did not state a statutory basis for the dismissal. Likewise, the clerk's minutes do not provide the statutory basis for the dismissal of the gang enhancement.

The People filed a timely notice of appeal on March 18, 2013.  This appeal followed.[3]

## DISCUSSION

As stated in the introduction, the trial court dismissed the gang enhancement pursuant to a judicially induced, and thus unauthorized, plea bargain.

### *Standard of Review*

"We review allegations of judicial plea bargaining for abuse of discretion.  This is because we may void the act of a trial court that is 'in excess of the trial court's jurisdiction' [citation] and ' "judicial plea bargaining in contravention of existing law [is an act] in excess of a court's 'jurisdiction' " ' [citation]."  (*People v. Labora* (2010) 190 Cal.App.4th 907, 914.)

### *The Trial Court Engaged in Judicial Plea Bargaining*

"The process of plea bargaining which has received statutory and judicial authorization as an appropriate method of disposing of criminal prosecutions contemplates an agreement negotiated by the People and the defendant and approved by the court.  [Citations.]  Pursuant to this procedure the defendant agrees to plead guilty in order to obtain a reciprocal benefit, generally consisting of a less severe punishment than that which could result if he were convicted of all offenses charged.  [Citation.]  This more lenient disposition of the charges is secured in part by prosecutorial consent to the imposition of such clement punishment [citation], by the People's acceptance of a plea to a lesser offense than that charged, either in degree [citations] or kind [citation], or by the prosecutor's dismissal of one or more counts of a multi-count indictment or information.  Judicial approval is an essential condition precedent to the effectiveness of the 'bargain'

---

[3] On June 11, 2013, this court ordered the instant appeal and the appeal in *People v. Aaron R. Vallejo*, *supra*, H039474 [nonpub. opn.], defendant's codefendant at trial, to be considered jointly for purposes of argument and disposition.  We will file a separate opinion in *Vallejo*.

4

worked out by the defense and prosecution. [Citations.] But implicit in all of this is a process of 'bargaining' between the adverse parties to the case—the People represented by the prosecutor on one side, the defendant represented by his counsel on the other—which bargaining results in an agreement between them." (*People v. Orin* (1975) 13 Cal.3d 937, 942-943.)

"Because the charging function is entrusted to the executive, 'the court has no authority to substitute itself as the representative of the People in the negotiation process and under the guise of "plea bargaining" to "agree" to a disposition of the case over prosecutorial objection.' [Citation.]" (*People v. Clancey* (2013) 56 Cal.4th 562, 570 (*Clancey*).) "If the court . . . enters into a plea bargain with the defendant over the objection of the prosecutor, it 'contravene[s] express statutory provisions requiring the prosecutor's consent to the proposed disposition, . . . detract[s] from the judge's ability to remain detached and neutral in evaluating the voluntariness of the plea and the fairness of the bargain to society as well as to the defendant, and . . . present[s] a substantial danger of unintentional coercion of defendants who may be intimidated by the judge's participation in the matter.' [Citation.]" (*People v. Turner* (2004) 34 Cal.4th 406, 418, brackets and ellipses in original.) " 'A court may not offer any inducement in return for a plea of guilty or nolo contendere. It may not treat a defendant more leniently because he foregoes [*sic*] his right to trial . . . .' [Citation]." (*In re Lewallen* (1979) 23 Cal.3d 274, 278-279.)

Here, the record shows that the trial court engaged in judicial plea bargaining. Defense counsel stated that the "court made an offer to" defendant. Before defendant entered his plea, the court described the offer: defendant would plead no contest to robbery and admit the weapon allegation, defendant would receive a sentence of four years in prison, the court would dismiss the gang enhancement "as a condition of the plea," and it would do so "over the People's objection." Immediately after the court

5

described the offer, the prosecutor stated, for purposes of preserving the record, that the People objected to dismissal of the gang enhancement. When the court subsequently dismissed the gang enhancement, it reiterated that the dismissal was a "condition of the plea" to the robbery charge and the weapon allegation, and that the dismissal was accomplished "over the People's objection."

Because the record shows that the trial court offered the inducement of dismissal of the gang enhancement in exchange for defendant's plea to the robbery charge and the weapon allegation—an agreement made over the prosecutor's objection—defendant's plea was the result of judicial intervention in the plea bargaining process. As the prosecutor aptly noted, this was "a plea bargain by the court and . . . could be considered really nothing else."

Defendant contends that the trial court merely announced an indicated sentence, and that this indicated sentence was not a bargain requiring prosecutorial consent. Not so.

" 'A trial court may provide the defendant an "indicated sentence" if he or she pleads guilty or no contest to all charges and admits all allegations.' " (*Clancey, supra,* 56 Cal.4th at p. 577.) "In an indicated sentence, a defendant admits all charges, including any special allegations[,] and the trial court informs the defendant what sentence will be imposed. No 'bargaining' is involved because no charges are reduced. [Citations.] In contrast to plea bargains, no prosecutorial consent is required." (*People v. Allan* (1996) 49 Cal.App.4th 1507, 1516.) "Only where a plea is tendered to all charged counts and the court announces an 'indicated sentence' premised upon the plea, thus not implicating the exclusive power of the executive as to the charging of crimes, does the defendant avoid the necessity of the prosecutor's approval of the 'bargain.' " (*People v. Brown* (1986) 177 Cal.App.3d 537, 551-552, fn. 17.)

Here, defendant never admitted the gang enhancement. Rather, he pleaded no contest to robbery and admitted the weapon allegation, and the trial court dismissed the gang enhancement as a "condition" of his plea. Given that he did not plead guilty or no contest to the charge and admit both allegations, i.e., " 'plead to the sheet' " (*Clancey*, *supra*, 56 Cal.4th at p. 569), his indicated-sentence argument fails.

Recognizing the peril of his position, defendant offers a fallback option: because there were unreported proceedings regarding the plea agreement, we should find the record "fatally ambiguous" (*Clancey, supra,* 56 Cal.4th at p. 577), as the court did in that case, on whether the trial court was arriving at an indicated sentence rather than inserting itself in plea negotiations. In *Clancey*, the court remanded the case so that the trial court could "rehear and reconsider" (*id*. at p. 587) the matter.

Unlike in *Clancey*, however, the record here does not warrant a remand. *Clancey* identified four circumstances bearing on whether a trial court merely commented on an indicated sentence or, rather, engaged in unauthorized plea bargaining. The record here points to judicial plea bargaining as regards all four of them.

"First, in order to preserve the executive's prerogative to conduct plea negotiations, a trial court generally should refrain from announcing an indicated sentence while the parties are still negotiating a potential plea bargain." (*Clancey, supra,* 56 Cal.4th at p. 574.) Plainly, given the prosecutor's repeated complaints that the court had usurped his role, negotiations had so far been unavailing and if they were complete, it was because they were at a stalemate. To be sure, *Clancey*'s language on this point is precatory, not mandatory, but the first factor militates against remand.

"Second, a trial court should consider whether the existing record concerning the defendant and the defendant's offense or offenses is adequate to make a reasoned and informed judgment as to the appropriate penalty. The utility of an indicated sentence necessarily depends on the quality of the information available to the court at an early

7

stage concerning the offense and the defendant's criminal history." (*Clancey, supra,* 56 Cal.4th at p. 575.)

The trial court evidently felt that it had an adequate understanding of defendant's gang background, but it had not seen a gang report on defendant until the prosecutor offered it at the hearing during which the legality of the disposition was argued. The prosecutor stated that "the court could glean [from the report] that the defendant has been stopped with known gang members . . . over 40 times, including high-risk car stops, investigated for weapons, . . . investigated for strong-armed [*sic*] robberies and that his juvenile record has felony violations . . . associated with a gang. . . . [¶] So beginning as a juvenile, he was involved in a gang. Now as an adult, he's had 14 encounters. He committed this robbery with a fellow documented gang member."

*Clancey*'s language on the second factor also is precatory, not mandatory, but it too militates against remand.

"Third, 'a court may not offer any inducement in return for a plea of guilty or nolo contendere. It may not treat a defendant more leniently because he foregoes [*sic*] his right to trial or more harshly because he exercises that right.' " (*Clancey, supra,* 56 Cal.4th at p. 575.) This language, which we referred to earlier in the opinion, is dispositive of the question. It is clear from the record that the court offered defendant a more lenient disposition in return for his plea—both the trial court and defense counsel admitted this.

"Fourth, a trial court may not *bargain* with a defendant over the sentence to be imposed." (*Clancey, supra,* 56 Cal.4th at p. 575.) As we have stated, the record permits no other conclusion than that the court did this.

To be sure, if we remanded the case to permit the gist of the off-the-record discussions to be settled and entered into the record, differing views on the third and fourth *Clancey* points might come to light. In these circumstances, we would "ask

8

whether the trial court's findings of fact are supported by substantial evidence . . . ." (*Id*. at p. 578.) If they were, the contradictory statements in the current record might lose their value. Often enough a reviewing court is not allowed to consider contradicting evidence in determining whether there was substantial evidence bearing on a disputed issue. (See *Silicon Valley Taxpayers Ass'n, Inc. v. Santa Clara County Open Space Authority* (2008) 44 Cal.4th 431, 447 ["power of appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, to support conclusions below"].) It is possible that a similar rule may apply to discussions between a trial court and counsel. But this is a question we need not decide, because the record before us is sufficiently clear that bargaining took place that involved the court as well as the parties that we think it would be idle to remand in search of some hypothetical contrary statement that might be made. In plain terms, the court and defense counsel would have to backtrack to a dramatic degree. A remand for such a remote eventuality is unwarranted.

Defendant contends that, notwithstanding any of the foregoing, the trial court acted properly because it relieved him of his exposure to the gang enhancement by invoking section 186.22, subdivision (g). Defendant is correct that the court invoked that provision in stating grounds for granting lenity. The statutory language, however, does not support his contention.

Subdivision (g) of section 186.22 provides: "Notwithstanding any other law, the court may strike the additional punishment for the enhancements provided in this section or refuse to impose the minimum jail sentence for misdemeanors in an unusual case where the interests of justice would best be served, if the court specifies on the record and enters into the minutes the circumstances indicating that the interests of justice would best be served by that disposition."

9

Nothing in that provision, however, permits a trial court to engage in judicial plea bargaining. In other words, if the court had properly arrived at a stage at which it could apply the provision in defendant's favor, the People would have nothing to complain about. But the court did not properly arrive at that stage, instead improperly injecting itself into the plea negotiation process before a time at which section 186.22, subdivision (g), could properly be considered. Indeed, when defense counsel mentioned subdivision (g) of section 186.22, the court stated that the reason to apply the provision would be "for the benefit of an early plea." For the reasons stated above, the court was unauthorized to offer to lift a possible sanction as an inducement for defendant's plea, whether under subdivision (g) of section 186.22 or section 1385. Subdivision (g) of section 186.22 does not help defendant.

In summary, we conclude that the trial court engaged in judicial plea bargaining. In engaging in such plea bargaining, the court precluded prosecution on the gang enhancement and thus usurped the "charging function" that "is the sole province of the executive." (*Clancey, supra,* 56 Cal.4th at p. 574.) We reverse the judgment and remand the matter to the trial court with directions to reinstate the dismissed gang enhancement allegation and give defendant the opportunity to withdraw his plea to the robbery charge and the weapon allegation.

### DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with directions to reinstate the gang enhancement allegation and give defendant the opportunity to withdraw his plea to the robbery charge and the weapon allegation.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.

11