Filed 4/7/15  P. v. Hall CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT VICTOR HALL,<br><br>    Defendant and Appellant. | 2d Crim. No. B256624<br>(Super. Ct. No. 1463429)<br>(Santa Barbara County) |

Robert Victor Hall appeals an order granting formal probation with terms and conditions following his nolo contendere plea to felony vandalism.  (Pen. Code, § 594, subd. (b)(1).)[1]  We affirm.

### FACTUAL AND PROCEDURAL HISTORY

On May 14, 2013, a felony complaint charged Hall with vandalizing the windows in his former girlfriend's apartment and vehicle.  On August 26, 2013, the trial court held a preliminary examination during which two Lompoc police officers and Hall testified.

Evidence at the preliminary examination established that Lydia Ybarra and Hall were formerly in a romantic relationship and had a child together.  Hall "had problems accepting that they were no longer a couple."  He visited Ybarra in the late evening of April 12, 2013, and demanded entry into her apartment.  When Ybarra

---

[1] All further statutory references are to the Penal Code.

refused, Hall broke several apartment windows. Frightened, Ybarra telephoned for police assistance.

Neighbors saw Hall break Ybarra's apartment windows with a hammer and they threatened to call the police. Hall then broke the windshield and a side window in Ybarra's vehicle before leaving the apartment complex.

On April 19, 2013, Lompoc Police Detective Mark Powell interviewed Hall who admitted breaking Ybarra's windows. Hall stated that he "had anger issues" and would seek "anger counseling."

Hall testified that Ybarra took his personal belongings and would not return them. He was frustrated, "fed up," and "took [his] frustration out on her car." Hall also stated that he had been drinking that evening and the "'stupid' light bulb in [his] head went off." He added that he paid restitution for the damaged windows and obtained counseling for his anger problems.

Following receipt of evidence, the trial court declined to reduce the felony vandalism charge to a misdemeanor pursuant to section 17, subdivision (b). The court then decided the evidence was sufficient to hold Hall to answer for felony vandalism.

On November 13, 2013, Hall pleaded nolo contendere to felony vandalism. In his handwriting, Hall stated that the trial court could sentence him as a felon or reduce his sentence to a misdemeanor according "to what is just and appropriate." Prior to accepting Hall's plea, the trial judge stated his "intention to reduce this matter to a misdemeanor at the sentencing hearing if things line up the way I think they are going to line up. That is to say community support, the victim comes in and says she . . . doesn't mind it getting reduced from a felony. But most importantly that we understand each other, Mr. Hall. I'm not going to tolerate any nonsense like this in the future from you, and I'm not going to tolerate any alcohol from you while on probation . . . ."

On December 18, 2013, the trial court held a sentencing hearing during which Hall's character witnesses and Ybarra testified favorably to Hall. Ybarra said she was no longer concerned about her safety. Hall had paid full restitution. The trial judge noted that Hall "basically pled open . . . to the felony with a possibility of reducing it to a

2

misdemeanor." The judge noted that he had observed Hall's interaction with his attorney and stated that Hall "has trouble dealing with his emotions," "exactly the conduct that got him in trouble," and that Hall needs "very extensive counseling." The judge then commented on Hall's "trouble[some]" response to Ybarra's sentencing testimony. The judge decided that instead of reducing the matter to a misdemeanor at that time, he would retain the matter as a felony for sentencing: "When Mr. Hall finishes the 52-week batterers intervention program, I will reduce it to a misdemeanor. . . . That's his ticket to get this matter reduced."

The trial court then continued the sentencing hearing several times. At the hearing of March 14, 2014, the trial judge stated that Hall appeared to have consumed alcohol prior to the hearing ("smelling of alcohol on [his] breath that's noticeable"). On April 21, 2014, Hall moved to withdraw his plea pursuant to section 1018, claiming that the victim's testimony and that of his character witnesses supported a reduction of the charge to a misdemeanor, as suggested earlier by the court. The court denied the motion, suspended imposition of judgment, and granted Hall three years formal probation with various terms and conditions, including attendance at a domestic violence counseling program.

Hall appeals and contends that the trial court breached the plea agreement by not reducing the offense to a misdemeanor. The court granted Hall a certificate of probable cause regarding appeal of the legality of his plea. (§ 1237.5.)

*DISCUSSION*

Hall argues that the trial court abused its discretion by not permitting him to withdraw his plea based upon an asserted breach of the plea agreement. (*People v. Walker* (1991) 54 Cal.3d 1013, 1024 [all parties must abide by the terms of a plea agreement], disapproved on other grounds by *People v. Villalobos* (2012) 54 Cal.4th 177, 183.) He points out that Ybarra testified favorably at sentencing and supported reduction of the offense to a misdemeanor. Hall contends that completion of a domestic violence counseling program is an additional requirement that breaches the plea agreement.

3

It appears that Hall may have reasonably believed that at the time of sentence the judge would make his sentencing decision, but instead the judge added a new requirement and continued the sentencing hearing. This standing alone could well provide a basis for setting aside the plea. But the judge observed Hall's behavior at the sentencing hearing, his interaction with his attorney, and his reactions to Ybarra's testimony. The trial judge remarked that Hall "has a temper." Indeed, the nature of Hall's offenses flowed from that temper. Under these circumstances, the judge acted within his discretion to continue the sentencing hearing and add the condition that Hall attend anger management classes. Hall's behavior in court led the court to make a fair and reasoned decision to continue the sentencing hearing. Hall, in essence, sabotaged his chances of receiving the misdemeanor sentence he hoped for. The judge made no promise that the matter would be reduced to a misdemeanor.

Prior to accepting the plea, the trial court informed Hall that the reduction to a misdemeanor was only "a strong likelihood" if Hall "stay[ed] out of trouble" and did not use alcohol ("[A]ll bets are off [with alcohol consumption])." Hall's attorney stated that "[t]here are no promises, and Mr. Hall understands that completely." Hall's attorney also stated that he had explained possible sentencing outcomes to Hall, including a three-year prison term for a felony conviction. The court did not promise to reduce the conviction to a felony without imposition of any conditions. (*People v. Martin* (2010) 51 Cal.4th 75, 79 [defendant's sentence must be within negotiated terms of plea agreement as approved by trial court].) As stated in a different context, "'"[t]he umpire ain't ruled until he's ruled."'" (*People v. Delgado* (1993) 16 Cal.App.4th 551, 555, quoting baseball great Yogi Berra.)

The trial court properly considered Hall's behavior in the courtroom -- his emotional state during Ybarra's testimony at sentencing and his consumption of alcohol prior to attending the continued sentencing hearing. Hall's behavior occurred despite the court's earlier warnings that Hall should refrain from all alcohol use.

To the extent Hall challenges the probation condition of domestic violence counseling, it is a reasonable condition of his probation. (*People v. Rodriguez* (2013) 222

4

Cal.App.4th 578, 585 [trial court has broad discretion to impose probation conditions that generally relate to defendant's criminal conduct or future criminality].)  The trial court's decision to sentence Hall's offense as a felony is neither unreasonable nor arbitrary and it falls within the court's broad discretion.  (*People v. Sy* (2014) 223 Cal.App.4th 44, 66.)

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

Rogelio R. Flores, Judge

Superior Court County of Santa Barbara

_____


Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Yun K. Lee, Douglas L. Wilson, Deputy Attorneys General, for Plaintiff and Respondent.