Filed 8/27/21  Delgado v. Statewide Fumigation San Diego County CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| NICOLAS DELGADO,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>STATEWIDE FUMIGATION SAN DIEGO COUNTY, INC.,<br><br>Defendant and Appellant. | D077913<br><br><br><br>(Super. Ct. No. 37-2016-00018022-CU-OE-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Timothy Taylor, Judge.  Affirmed.

Simpson Delmore Greene, Terence L. Greene and Ross M. Poole for Defendant and Appellant.

Rastegar Law Group, Farzad Rastegar and Thomas S. Campbell for Plaintiff and Respondent.

## I.

## INTRODUCTION

In this second appeal in the above-captioned matter, Defendant Statewide Fumigation San Diego County, Inc. (Statewide) appeals from an

order denying a petition to compel arbitration. The trial court denied Statewide's petition to compel arbitration on the ground that Statewide waived any right it may have had to arbitrate this matter. We affirm.

## II.

## BACKGROUND

Delgado filed this putative class action against Statewide on May 27, 2016, on behalf of himself and other similarly situated current and former employees of Statewide. In his complaint, Delgado alleged a variety of Labor Code violations against Statewide, including the failure to provide meal periods, to provide rest periods, to pay minimum and straight time wages, to pay overtime compensation, to pay wages in a timely manner upon termination of employment, and to provide accurate statements and maintain required records. The complaint also alleged a claim for unfair business practices under Business and Professions Code section 17200 et seq. (Section 17200). Finally, Delgado brought a representative cause of action under the Private Attorneys General Act (PAGA), Labor Code section 2698 et seq., for all of the violations of the Labor Code alleged elsewhere in the complaint.

Statewide filed an answer on September 13, 2016.[1] After Statewide filed its answer, the case proceeded to discovery, and a motion for class certification was anticipated. In a previous appeal in this matter, we summarized the early procedural history of the litigation as follows:

> "The trial court held a Case Management Conference with the parties on October 28, 2016. At the Case Management Conference, the trial court scheduled a hearing on Delgado's anticipated motion for class certification for July 21, 2017.

[1]    The trial court subsequently struck Statewide's Answer while the court's order denying Delgado's class certification motion was pending on appeal.

2

"On May 9, 2017, the parties filed a joint stipulation to continue the hearing on the anticipated motion for class certification. In the stipulation, the parties stated that they were seeking a six-month continuance for multiple reasons, including the fact that Statewide was 'contend[ing] it is in a state of financial hardship and is incapable of paying a judgment on Plaintiff's claims,' that Statewide had 'objected to the deposition [of the PMK that Delgado had noticed] and the Request for Production of Documents' that Delgado had propounded, and that defense counsel 'believes it may have to withdraw as counsel, due to Defendant's financial condition,' such that 'judicial economy and the resources of the parties will be best served if the [m]otion for [c]lass certification hearing and filing deadline are continued by approximately six month[s].'

"The trial court denied, without comment, the parties' stipulated request to continue the hearing date for the anticipated motion for class certification.

"Later that same month, on May 30, Statewide filed a 'Joint Ex parte Application to Continue Motion for Class Certification Hearing.' (Some capitalization omitted.) The parties jointly sought a six-month continuance of the anticipated hearing on the motion for class certification. In addition to the reasons that the parties had provided in the May 9 request, they stated that they were 'exploring the possibility of settling the matter.'

"Upon the conclusion of the ex parte hearing, the trial court issued a minute order denying the parties' joint application for a continuance, stating . . . , 'The court is inclined to keep the previously scheduled dates in place. [¶] It is now left for plaintiff's counsel to determine whether to proceed with the class claims.'

"On June 14, 2017, two weeks after the trial court issued its minute order denying the joint request for a continuance of the class certification hearing, Delgado filed an ex parte application to compel responses to the requests for

3

production of documents that he had propounded on Statewide. In response to the ex parte application, the court scheduled a hearing on Delgado's motion to compel for July 21, 2017, the date the court had originally set for the class certification hearing, and treated Delgado's ex parte application papers as his moving papers with respect to the motion to compel. The court also continued the class certification hearing date to September 1, 2017.

"On July 11, 2017, after much back and forth with counsel for Statewide regarding scheduling the deposition of its PMK, Delgado returned to court with an ex parte application for an order to compel a PMK deposition. The following day, July 12, the court heard arguments from the attorneys for both parties, and thereafter scheduled a hearing on Delgado's motion to compel the deposition of a PMK on July 21, 2017, the same date on which the motion to compel responses to the pending request for production of documents was set. The court also ordered that a Case Management Conference in the matter would be held on the same date as the motion for class certification— September 1, 2017.

"On July 19, 2017, two days prior to the scheduled hearing on the motions to compel outstanding discovery, the trial court issued tentative rulings indicating its inclination to grant both motions to compel.

"The following day, July 20, counsel for Statewide submitted a Notice of Withdrawal to the court. The record does not demonstrate that Statewide retained other counsel to represent it in this matter in the trial court.

"On July 21, the trial court issued a minute order adopting its tentative rulings and granting Delgado's motions to compel responses to the outstanding discovery requests. In doing so, the court ordered Statewide to produce its PMK for a deposition to be conducted on July 31, 2017, which was approximately a month before the date set for the hearing on the motion for class certification. The court did not set any date by which Statewide was to produce the

4

documents that the court was ordering Statewide to produce pursuant to Delgado's motion to compel.

"[Although the California Rules of Court required Delgado to file his motion for class certification by August 4, 2017, which was four days after the date of the deposition that the court had set,] Delgado did not file a formal motion for class certification by August 4, 2017. However, Delgado filed his Case Management Statement on August 18, 2017. In that document, in the portion of the form where the court asks the parties to indicate whether they have a request for any additional matters to be 'considered or determined at the case management conference,' Delgado indicated that he was requesting that the court continue the class certification hearing date due to Statewide's failure to comply with the court's orders that it produce its PMK for deposition and that it produce the documents that Delgado had requested. Delgado also indicated in his Case Management Statement, in the portion of the form that asks parties to indicate whether they intend to file any other motions before trial, that he intended to file a motion to strike Statewide's answer to the complaint, due to Statewide's failure to provide the discovery that it had been ordered to produce, and that he also planned to file a motion to continue the hearing on the motion for class certification.

"Six days later, on August 24, [2017,] the court issued a tentative ruling with respect to the class certification hearing that was scheduled for September 1. In the tentative ruling, the court indicated its intention to deny Delgado's request in his Case Management Statement to continue the class certification hearing. The court further indicated its intention to deny any motion for class certification (even though Delgado had not yet filed his motion for class certification), and to strike Delgado's class allegations from the complaint. After stating its intention to deny class certification and to strike the class allegations, the court added, 'The defendant is apparently insolvent and is unrepresented, and this presents tremendous management issues were the court to certify

5

the case notwithstanding plaintiff's failure to advance evidence supporting certification.'  The court then indicated that it would order Delgado to submit an ex parte application for an order striking Statewide's answer to the complaint, and would require Delgado to proceed via default prove-up 'with respect to his individual claims.'  The court warned that if Delgado failed to proceed as ordered, the court would 'simply dismiss the case.'

"Seven days later (and one day prior to the scheduled date for both the Case Management Conference and the hearing on the motion for class certification), Delgado submitted a motion to strike Statewide's answer and a corresponding motion to continue the class certification hearing.  In his motion, Delgado explained that Statewide had failed to replace its counsel after its original counsel had withdrawn, and that Statewide was 'not cooperating with Plaintiff in the discovery process.'  Delgado listed the multiple times that he had noticed a deposition for a PMK and indicated that despite the trial court's order that this deposition take place, Statewide had failed to produce anyone for deposition on the appointed date, and had also failed to respond in any way to Delgado's request for documents.  Delgado indicated that Statewide's failure to replace its counsel precluded Delgado's attorneys from being able to communicate with Statewide, and was preventing Delgado from being able to 'file supporting documents to successfully move for class certification at this time.'

"The following day, September 1, 2017, the trial court held a joint case management conference and hearing regarding class certification.  After hearing argument from Delgado's counsel, the court affirmed its tentative ruling denying Delgado's request to continue the hearing on the motion for class certification and also denying on the merits any motion for class certification.  The court also issued an order to show cause why the case should not be dismissed, and set a hearing on the order to show cause for November 3, 2017.

"On October 5, 2017, Delgado filed a notice of appeal from the court's order denying class certification . . . ." (*Delgado v. Statewide Fumigation San Diego County, Inc.* (Mar. 15, 2019, D072966) [nonpub. opn.] [2019 Cal.App.Unpub. Lexis 1555, *5–12] (*Delgado I*), italics omitted.)

At some point, Statewide hired new counsel. While the appeal from the denial of class certification was pending, that counsel filed a new answer, given that the trial court had stricken the original answer. In the new answer, Statewide asserted an affirmative defense that Delgado's claims were subject to arbitration pursuant to an agreement between the parties.

Delgado's appeal of the trial court's order denying class certification was pending before this court from October 2017 until March 2019. Statewide's counsel represented Statewide in that appeal.

On March 5, 2019, this court issued our opinion in *Delgado I*, in which we reversed the trial court's denial of the motion for class certification and directed the trial court "to permit Delgado sufficient time to attempt to obtain the discovery that the court previously ordered Statewide to produce and to file his papers in support of class certification." (*Delgado I., supra*, 2019 Cal.App.Unpub. Lexis 1555 at p. *25.) The remittitur issued on June 26, 2019.

On remand, the trial court set a Case Management Conference for August 16, 2019. In the Case Management Statement that Statewide filed for the August 2019 Case Management Conference, Statewide indicated that it was requesting "a jury trial"; Statewide did not mark any of the boxes related to arbitration or otherwise indicate that Delgado's claims were subject to arbitration.[2]

---

[2] The only other Case Management Statement that Statewide filed in the trial court that is included in the record on appeal similarly contains no

7

At the August 2019, hearing, the trial court set June 5, 2020 as the new date for Delgado's class certification hearing.

As the trial court noted in the order that Statewide challenges in this appeal, on March 17, 2020, the Presiding Judge of the San Diego Superior Court signed the first in a series of administrative orders closing the court for all but emergency matters due to the COVID-19 pandemic. Both a May 15, 2020 civil motion hearing date set by Statewide and the June 5, 2020 hearing date for Delgado's class certification were vacated because of the court's closure. The trial court re-opened on May 26, 2020. More than a month later, the parties appeared before the court for a status conference, at which time the court rescheduled the hearings for Statewide's motion to compel arbitration and Delgado's motion for class certification.

The trial court noted that during the time that the court was closed, the parties exchanged moving and opposition papers with respect to Statewide's motion to compel arbitration. The court deemed these motion and opposition papers filed as of May 26, 2020, the day the trial court reopened.

The trial court heard Statewide's motion to compel arbitration on August 28, 2020. After reviewing the parties' briefing and hearing oral argument on the matter, the trial court denied the motion to compel arbitration on the ground that Statewide had waived its right to compel arbitration of this matter.

In finding that Statewide had waived its right to compel arbitration, the trial court noted that Statewide "knew about the arbitration provision" in the parties' agreement from the outset, given that Statewide asserted the existence of the arbitration provision and its right to arbitrate pursuant to

_____

indication by Statewide of its intention to move to compel arbitration or that it believed that Delgado's claims should be determined in an arbitral forum.

8

that provision in an affirmative defense "in the now-stricken answer it filed nearly four years ago." The court noted that Statewide "reiterate[d] the same asserted right to compel arbitration" in its 2017 answer to the complaint, as well, but did not seek to enforce that term of the parties' agreement "until, at the earliest, mid-March 2020," and that Statewide failed to offer the court "any explanation for its delay." Based on this delay, the court determined that the petition to compel arbitration "was not brought within a reasonable time," citing *Burton v. Cruise* (2010) 190 Cal.App.4th 939, 945, in which the court noted that the Supreme Court has expressly observed that " '[a] party's unreasonable delay in demanding or seeking arbitration, in and of itself, may constitute a waiver of a right to arbitrate.' "

The trial court also found that Statewide had not only unreasonably delayed in asserting its right to arbitrate Delgado's claims, but that it had also taken actions inconsistent with an intent to assert its right to arbitrate by participating in discovery negotiations, objecting to discovery requests on the merits, and generally participating in the litigation over a period of several years. Finally, the trial court found that Delgado had suffered prejudice as a result of Statewide's conduct in waiting so long to move to compel arbitration and in acting in a manner inconsistent with its right to arbitrate during that time period.

Statewide filed a timely notice of appeal from the trial court's order.

III.

DISCUSSION

Statewide contends that there is insufficient evidence to support the trial court's finding that it waived its right to compel arbitration. We disagree.

9

Code of Civil Procedure section 1281.2, subdivision (a) provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, *unless it determines that*: [¶] (a) *The right to compel arbitration has been waived by the petitioner . . . .*" (Italics added.)[3]

The determination that a party has waived its right to compel arbitration is a question of fact, and this determination is reviewed for substantial evidence. (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1196 (*St. Agnes*).) There is no specific test for waiving the right to compel arbitration. However, " ' "[i]n the past, California courts have found a waiver of the right to demand arbitration in a variety of contexts, ranging from situations in which the party seeking to compel arbitration has previously taken steps inconsistent with an intent to invoke arbitration [citations] to instances in which the petitioning party has unreasonably delayed in undertaking the procedure. [Citations.] The decisions likewise hold that the 'bad faith' or 'willful misconduct' of a party may constitute a waiver and thus justify a refusal to compel arbitration. [Citations.]" ' [Citations.]" (*Ibid.*)

Given the varying contexts in which waiver of arbitration may be found, the *St. Agnes* court noted that there are a number of relevant factors that a trial court may consider in deciding whether a party has waived its

---

[3]     Given this statutory framework, the question of waiver of the right to compel arbitration is one for the trial court, not the arbitrator, to decide. (See *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 982.)

right to compel arbitrate: " ' "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into the preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party." ' " (*St. Agnes, supra*, 31 Cal.4th at p. 1196, quoting *Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 992.)

A waiver of arbitration is not to be lightly inferred, and a party seeking to establish waiver bears a heavy burden of proof. (*St. Agnes, supra*, 31 Cal.4th at p. 1195.) However, once a trial court determines that a party has met that burden of proof and established waiver of the right to arbitration, an appellate court reviews the trial court's ruling on the waiver of the right to arbitrate only for substantial evidence to support that determination (See *Burton v. Cruise* (2010) 190 Cal.App.4th 939, 945–946.)

In this case, the trial court stated that it "ha[d] no difficulty concluding [that the] defendant waived its right to compel arbitration . . . ." After examining the procedural record before it, the court determined that Statewide was aware of the arbitration provision from the beginning of the litigation, yet waited approximately four years before indicating any intention to move to compel arbitration.[4] The court found this to be a lengthy

_____

4    Although some portion of this time involved the closure of court services for matters other than emergency matters, that approximately two-

11

delay weighing in favor of a finding of waiver.  (See *St. Agnes, supra*, 31 Cal.4th at p. 1196 [a court may consider whether a party " ' "delayed for a long period before seeking a stay" ' " in deciding whether party has waived arbitration].)

Beyond the extreme delay that occurred in this case, as the trial court noted, Statewide engaged in any number of actions that were inconsistent with the right to arbitrate.  (See *St. Agnes, supra*, 31 Cal.4th at p. 1196 [the first factor among many a court may consider when weighing waiver of right to arbitrate is whether party has engaged in actions inconsistent with the right to arbitrate].)  For example, Statewide took part in negotiating, drafting, and entering into a stipulated protective order regarding " 'the exchange of documents and information' " in the litigation.  Further, the record discloses that, in response to Delgado's document demands and notice of a deposition of Statewide's designated person most knowledgeable, Statewide filed objections and fought the discovery, all without ever suggesting that the matter should be arbitrated and that the judicial discovery process should be halted for this reason.  The manner in which Statewide responded to Delgado's discovery requests therefore supports the trial court's finding that Statewide engaged in acts that were inconsistent with its right to arbitrate.  (See *Guess?, Inc. v. Superior Court* (2000) 79 Cal.App.4th 553, 558 [defendant who "fully participated in the discovery process" by "objecting to [plaintiff's] interrogatories and demands for production on a variety of grounds, but never once suggesting that discovery should be barred because this dispute had to be arbitrated" had engaged in conduct that was "wholly inconsistent with its present desire to arbitrate"].)

---

month period was relatively brief when compared with the time that this matter has been pending.

A review of the record also demonstrates that Statewide participated in the litigation in other ways, such as by appearing for hearings, filing documents, and defending the trial court's denial of class certification in the appeal taken from that order, all without suggesting that the matter should be arbitrated rather than litigated in court. As the trial court noted, Statewide did not indicate in either of its case management statements that it was "willing to participate in" binding private arbitration. (See *Adolph v. Coastal Auto Sales, Inc*. (2010) 184 Cal.App.4th 1143, 1451 [among conduct by the defendant that was considered inconsistent with an intent to arbitrate was failure to " 'mark or assert arbitration in its case management statement' "].)

Finally, the record provides ample evidence to support the trial court's finding that Statewide's actions during the litigation that were inconsistent with its claimed intent to arbitrate had the effect of causing real prejudice to Delgado. (See *St. Agnes, supra*, 31 Cal.4th at p. 1196 [court may consider whether a party's delay has " ' " 'affected, misled, or prejudiced' the opposing party" ' "].) As the trial court noted, Statewide's conduct has deprived Delgado of the opportunity to obtain a prompt resolution of his claims. Rather than move to compel arbitration at an earlier point in time, Statewide repeatedly defended against Delgado's discovery and other motions on their merits. As a result, Delgado's attorneys have expended more than 150 hours on the case, and have spent $7,753.13 up until the time of this appeal.[5]

---

5    As the trial court noted, at one point, Statewide simply stopped paying its attorneys, causing that law firm to withdraw from representing Statewide. The court understood this to be "part of a strategic ploy to obtain delay." Based on this record, we cannot say that we disagree with the trial court's assessment.

We conclude that the record fully supports the trial court's finding that Statewide has waived its right to compel arbitration.

## IV.

## DISPOSITION

The trial court's order denying Statewide's motion to compel arbitration is affirmed. Delgado is entitled to his costs on appeal.


AARON, J.

WE CONCUR:

HUFFMAN, Acting P. J.

DATO, J.

14