Filed 6/13/24  Del Toro v. Pacific Bay Lending Group CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| LAUREN DEL TORO, | |
| Plaintiff and Respondent, | E080559 |
| v. | (Super. Ct. No. CIVDS2010367) |
| PACIFIC BAY LENDING GROUP, INC. et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Pacheco, Judge.  Affirmed.

Sheppard, Mullin, Richter & Hampton, Greg S. Labate, Todd E. Lundell, and Tyler Z. Bernstein, for Defendants and Appellants, Bay-Valley Mortgage Group, and Christine Kim.

Reif Law Group, Brandon S. Reif and Rachel D. Dardashti, for Defendants and Appellants, E.M. Capital Investments, United Trust Escrow, A-Team Funding Network Funding Group, and Adrian Enriquez.

1

Guerra & Casillas, Ruben Guerra, and Tizoc Perez-Casillas, for Plaintiff and Respondent.

## I.

## INTRODUCTION

Plaintiff and respondent, Laurel Del Toro sued a number of defendants for a number of employment claims in the superior court. Over two years later, two of the defendants, Bay Valley Mortgage Group dba Pacific Bay Lending Group, Inc. (PBLG) and Christine Kim moved to compel arbitration of Del Toro's claims against them. The motion was joined by other defendants, Adrian Enriquez, E.M. Capital Investment, Inc., United Trust Escrow, Inc., and Network Funding Group, Inc. (the Enrique Defendants). The trial court found that PBLG and Kim waived their right to arbitration and denied their motion to compel.

PBLG, Kim, and the Enriquez Defendants appeal, all asserting the same arguments. Their main argument is the trial court erred because it incorrectly used federal law for its waiver analysis and thus did not consider whether PBLG's failure to timely move to compel arbitration prejudiced Del Toro, which would have been an important consideration under California law. They alternatively argue that, even if federal law applies, the trial court improperly found they waived their right to arbitration.

We conclude that the trial court properly found PBLG and Kim waived their arbitration rights, regardless of whether federal or state law applies. We therefore affirm the court's order denying the motion to compel arbitration.

2

FACTUAL AND PROCEDURAL BACKGROUND

Del Toro filed this case against PBLG, Kim, and others in May 2020. She filed proofs of service of the summons and the complaint on PBLG and Kim, respectively, in August 2020 and October 2020, stating that she served PBLG with the complaint and summons in July 2020, and served Kim in September 2020.

Kim answered the complaint in October 2020 and PBLG answered it in January 2021. Both of them asserted arbitration as an affirmative defense. Not long after, Del Toro filed a First Amended Complaint (FAC), which Kim and PBLG answered in February 2021, again asserting arbitration as an affirmative defense.

Shortly before Del Toro filed the FAC, PBLG's counsel (from Davis Wright Tremaine LLP) conferred with Del Toro's counsel about arbitration. PBLG's counsel stated they were "inclined to put aside the issue of the arbitration agreement at this time," and proposed a stipulation stating that the parties could engage in discovery without it constituting a waiver of PBLG's arbitration rights. Del Toro's counsel declined the stipulation, stating that Del Toro "reserves her right to argue [PBLG and Kim] are waiving their rights to arbitration by engaging in discovery in this forum."

Between January 2021 and September 2022, the parties propounded and responded to discovery, engaged in motion practice, and submitted filings to the trial court. Throughout this time, (1) Kim served objection-only responses to Del Toro's first requests for production (RFPs) and special interrogatories (SROGs), (2) PBLG

propounded RFPs and employment form interrogatories (EFROGs), (3) PBLG and Kim responded to Del Toro's RFPs and SROGs with verified responses and document productions, (4) PBLG responded to Del Toro's request for admissions (RFAs), and her second set of form interrogatories (FROGs), RFPs, and SROGs, (5) PBLG sent subpoena requests to three of Del Toro's medical providers, (6) PBLG propounded SROGs and a second set of RFPs on Del Toro while producing documents to her, (7) PBLG served verified responses to Del Toro's EFROGs and FROGs, (8) PBLG served supplemental verified responses to Del Toro's first set of RFPs, and Kim served supplemental responses to Del Toro's first set of SROGs and RFPs, (9) PBLG sent corrected subpoena requests to Del Toro's three physicians, (10) PBLG served supplemental responses to Del Toro's two sets of SROGs, her second set of FROGs, and her first set of RFAs, (11) PBLG propounded SROGs and RFPs to three other defendants, (12) PBLG served supplemental responses to Del Toro's EFROGs and FROGs, and Kim served supplemental responses to Del Toro's first set of RFPs, (13) PBLG served another document production, (14) Del Toro took the depositions of Kim and another defendant, (15) the parties stipulated to a protective order, which the trial court approved and entered, (16) PBLG took Del Toro's deposition, (17) the parties submitted a joint status report for a status conference with the trial court, (18) PBLG responded to Del Toro's third set of SROGs, RFPs, and FROGs, and provided supplemental responses to her first set of RFAs and second set of FROGs, (19) PBLG served a second set of supplemental responses to Del Toro's second set of FROGs, (20) PBLG served another document

production to Del Toro, (21) PBLG served supplemental responses to Del Toro's third set of RFPs, (22) PBLG opposed Del Toro's two discovery motions and her motion for leave to file a Second Amended Complaint (SAC), (23) the trial court granted all three motions and ordered PBLG to pay Del Toro $800 in sanctions for the discovery motions,[1] (24) per the trial court's order, PBLG served second supplemental responses to Del Toro's second set of SROGs and third supplemental responses to her second set of FROGs, (25) PBLG filed a notice of association of additional counsel and then a substitution of new counsel (Sheppard Mullin Richter & Hampton) in September 2022, and (26) Del Toro took the deposition of a third-party witness, during which PBLG's counsel also questioned the witness.

On October 3, 2022,—over two years after Del Toro served her initial complaint on PBLG and Kim, about two years after Kim answered the complaint, and 22 months after PBLG answered the complaint—PBLG and Kim moved to compel arbitration of Del Toro's claims in the operative SAC, which Del Toro filed two months before. The Enrique defendants joined the motion in its entirety, with their only additional argument being that they were entitled to enforce Del Toro's arbitration agreement even though they are non-signatories to it.

Del Toro opposed the motion on several grounds, including that PBLG and Kim forfeited their arbitration rights by (1) waiting too long to file their motion to compel

---

[1] Del Toro filed her operative SAC in August 2022. The specifics of Del Toro's claims are not relevant to the issues on appeal, so we need not discuss them.

arbitration and (2) acting inconsistently with their arbitration rights by litigating the case in court and participating in discovery. Del Toro argued that the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.) governs the parties' arbitration agreement, and a showing of prejudice is no longer required under federal law after *Morgan v. Sundance, Inc.* (2022) 142 S.Ct. 1708. Del Toro alternatively argued that PBLG and Kim's delay and litigation conduct nonetheless prejudiced her. In their reply, PBLG and Kim argued that California law applied, California law requires a showing of prejudice, and Del Toro failed to establish it, so she failed to meet her burden that they waived their arbitration rights.

Relying on *Morgan* and *Davis v. Shiekh Shoes* (2022) 84 Cal.App.5th 956, the trial court agreed with Del Toro that the FAA applied, so the court did not need to consider prejudice when deciding whether PBLG and Kim waived their arbitration rights. The court found that PBLG and Kim waived their right to compel arbitration of Del Toro's claims because their unexplained delay in moving to compel arbitration "coupled with the extensive activity that occurred in the case deprived the parties of a speedy resolution of the dispute via arbitration." The court therefore denied PBLG and Kim's motion to compel arbitration as to all defendants.

Defendants timely appealed.

6

III.

DISCUSSION

Defendants[2] contend the trial court erred by applying federal law instead of California law when deciding whether PBLG and Kim waived their arbitration rights. They alternatively argue that, even if federal law applies, the trial court still erroneously found that PBLG and Kim waived their arbitration rights.

We assume without deciding that California waiver law applies. Even so, we conclude the trial court permissibly found PBLG and Kim waived their arbitration rights. We therefore affirm the court's order denying their motion to compel arbitration.

A. *Standard of Review*

"[T]he determination of waiver is a question of fact, and the trial court's finding, if supported by sufficient evidence, is binding on the appellate court." (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1194-1197 (*St. Agnes*).) But "[w]hen . . . the facts are undisputed and only one inference may reasonably be drawn, the issue [of waiver] is one of law and the reviewing court is not bound by the trial court's ruling." (*Platt Pacific, Inc. v. Andelson* (1993) 6 Cal.4th 307, 319.) Taken together, these rules mean that we "may not reverse the trial court's finding of waiver

_____

[2] Although the trial court's order focused only on whether PBLG and Kim waived their arbitration rights, the Enriquez defendants offered no argument as to why they did not waive their arbitration rights, and they do not do so on appeal. Instead, the Enriquez defendants filed only a joinder to PBLG and Kim's opening brief under California Rules of Court, rule 8.200(a)(5). The Enriquez defendants' appeal thus rises and falls with PBLG and Kim's appeal. We therefore need only address whether PBLG and Kim waived their arbitration rights.

7

unless the record as a matter of law compels finding nonwaiver." (*Kokubu v. Sudo* (2022) 76 Cal.App.5th 1074, 1083.)

Although the facts are undisputed, they permit conflicting reasonable inferences as to whether PBLG and Kim waived their arbitration rights. We therefore apply the substantial evidence standard of review. (See *Davis v. Shiekh Shoes, LLC*, *supra*, 84 Cal.App.5th at pp. 962-963 [applying substantial evidence review where "the essential facts may not be in dispute, in the sense that no one doubts that party X did or did not do act Y on date Z[,]" but "even if there is no difference in opinion on such events or non-occurrences, the inferences to be drawn from the essential facts are conflicting"].)

B. *General Waiver Principles*

Waiver is a defense to arbitration, and the party asserting it bears a "heavy burden" since waiver is not "lightly inferred." (*St. Agnes*, *supra*, 31 Cal.4th at p. 1195.) There is "no single test" under California law to determine whether a party has waived its right to compel arbitration. (*Ibid*.) There are, however, "six discretionary factors" courts applying California law may consider: """(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage

8

of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party."'" (*St. Agnes*, *supra*, at p. 1196.)[3] None of these factors controls or must exist for a court to find waiver. (*Lewis v. Fletcher v. Jones Motor Cars, Inc.* (2012) 205 Cal.App.4th 436, 444 (*Lewis*).)

C. *Analysis*

We conclude substantial evidence supports the trial court's waiver finding even though the court did not consider prejudice and made no finding on whether PBLG and Kim's conduct was inconsistent with their right to arbitration. (See *J.R. v. Electronic Arts, Inc.* (2024) 98 Cal.App.5th 1107, 1115 [appellate court may affirm on any ground supported by the record].)

We first reject Defendants' argument that PBLG and Kim's reservation of their right to compel arbitration in their answers and in correspondence with Del Toro's counsel precludes a waiver finding. A party reserving its right to compel arbitration is not the same as asserting its right to do so. "'Mere announcement of the right to compel arbitration is not enough. To properly invoke the right to arbitrate, a party must (1) timely raise the defense *and* take affirmative steps to implement the process, *and* (2) participate in conduct consistent with the intent to arbitrate the dispute.'" (*Fleming Distribution Co. v. Younan* (2020) 49 Cal.App.5th 73, 80-81, italics added.) Although

---

[3] Whether prejudice is a proper consideration after *Morgan* is currently pending before our Supreme Court. (*Quach v. Calif. Commerce Club, Inc.* (2022) 78 Cal.App.5th 470, 484, review granted Aug. 24, 2022, (S275121).)

PBLG and Kim timely *raised* their right to compel arbitration, they did not "take affirmative steps" to initiate the process of arbitration until nearly two years later, when they moved to compel arbitration. And in the meantime, they repeatedly acted inconsistently with their arbitration rights by engaging in discovery and motion practice in the trial court, as we explain below. Their announcement of their right to arbitration and their claimed reservation of that right thus had no effect. (See *Davis v. Continental Airlines, Inc.* (1997) 59 Cal.App.4th 205, 210-216 [defendants waived arbitration rights despite asserting arbitration as an affirmative defense in their answers because "they sat on that defense and conducted discovery before bringing their motion [to compel arbitration] months later"].)

As outlined above, PBLG and Kim engaged in extensive discovery between answering Del Toro's complaint in early 2021 and moving to compel arbitration in October 2022. They answered and responded to multiple sets of discovery requests from Del Toro, they took and defended depositions, and they propounded their own discovery requests. (See *Lewis*, *supra*, 205 Cal.App.4th at p. 449 [defendant's answering discovery supported waiver finding].) Nothing in the record suggests PBLG or Kim ever objected to Del Toro's discovery requests on the ground that the matter had to be arbitrated. (See *Guess?, Inc. v. Superior Court* (2000) 79 Cal.App.4th 553, 558 [defendant who "fully participated in the discovery process" by "objecting to [plaintiff's] interrogatories and demands for production on a variety of grounds, but never once suggesting that discovery should be barred because this dispute had to be arbitrated" had engaged in conduct that

10

was "wholly inconsistent with its present desire to arbitrate"]; see also *Adolph v. Coastal Auto Sales, Inc.* (2010) 184 Cal.App.4th 1443, 1451 [same].) PBLG and Kim also sent subpoenas to three third-party medical providers under the trial court's authority. (See *Guess?, Inc. v. Superior Court*, at p. 588; see also cf. *Leger v. R.A.C. Rolling Hills L.P.* (2022) 84 Cal.App.5th 240, 241 [defendant requesting court to prohibit plaintiff from moving to quash subpoena inconsistent with right to arbitrate].)

All of this extensive discovery was inconsistent with PBLG and Kim's arbitration rights. (See *Roberts v. El Cajon Motors, Inc.* (2011) 200 Cal.App.4th 832, 845-847.)

On top of PBLG and Kim's discovery conduct, their filings with the trial court were also inconsistent with their arbitration rights. They stipulated to a protective order "regarding confidential information" with all parties, which the trial court entered.[4] (*Garcia v. Haralambos Beverage Co.* (2021) 59 Cal.App.5th 534, 543 [entering into protective order inconsistent with right to arbitrate].) They unsuccessfully opposed Del Toro's two motions to compel further discovery responses, served supplemental discovery responses at the trial court's direction, and opposed her motion to amend the FAC. (See *Sobremonte v. Superior Court (Bank of America Nat. Trust & Savings Assn.)* (1998) 61 Cal.App.4th 980, 994 [opposing discovery motions inconsistent with right to arbitrate].) Nothing in the record suggests they opposed any of the three motions on the ground that the case should be arbitrated. Finally, in May 2022, about five months before PBLG and Kim moved to compel arbitration, the parties submitted a joint status report in

---

[4] The protective order is not in the record.

11

advance of a June 2022 status conference with the court. There is no evidence in the record that PBLG and Kim indicated in this report (or in any other filing with the court) that they intended to move to compel arbitration. (Cf. *Adolph v. Coastal Auto Sales, Inc.*, *supra*, 184 Cal.App.4th 1143, 1451 [among conduct by the defendant that was considered inconsistent with an intent to arbitrate was failure to "'mark or assert arbitration in its case management statement'"].)

Ample evidence thus shows PBLG and Kim acted inconsistently with their right to compel arbitration, which in turn supports the trial court's finding that they waived their arbitration rights.

What's more, PBLG and Kim acted inconsistently with that right for *almost two years*. Although Kim answered Del Toro's original complaint in late October 2020 and PBLG answered it in January 2021, they did not move to compel arbitration until early October 2022. This lengthy delay far exceeds the delays that other courts have found unreasonable when affirming a trial court's waiver finding when, as here, the moving party acted inconsistently with their right to arbitrate. (See *Semprini v. Wedbush Securities Inc.* (2024) 101 Cal.App.5th 518, 527 [citing six cases where a "four-to-six month delay in enforcing the right to arbitrate" supported a waiver finding]; *Desert Regional Medical Center, Inc. v. Miller* (2022) 87 Cal.App.5th 295, 317 [one-year delay supported waiver finding].)

PBLG and Kim's extensive delay was all the more unreasonable given that they offered no reason for it in the trial court beyond noting that their new counsel promptly

12

moved to compel arbitration about two months after Del Toro filed the SAC. That may be, but it does not change the fact that PBLG and Kim knew of their right to arbitrate when they first appeared, yet they sat on that right for almost two years for no good reason while litigating the case. Given the lengthy delay and PBLG and Kim's failure to provide a compelling justification for it, substantial evidence supports the trial court's finding that the delay was unreasonable. (See *Garcia v. Haralambos Beverage Co.*, *supra*, 59 Cal.App.5th at pp. 542-543 [affirming trial court's finding of 24-month delay to be unreasonable despite a nine-month stay for mediation when defendant asserted arbitration as an affirmative defense in answer].) PBLG and Kim disagree, arguing that there was no inconsistency because all of the discovery would be "usable and available" in the arbitration proceedings.

In support, PBLG and Kim point to *Quach v. Calif. Commerce Club, Inc.*, *supra*, 78 Cal.App.5th 470, review granted, which they read as standing for the proposition that engaging in discovery is not inconsistent with the right to arbitrate when the party moving to compel arbitration did not "gain[] information or conduct[] discovery it would not have been able to obtain in arbitration." (*Quach*, *supra*, at pp. 478-479.)

But the language from *Quach* that PBLG and Kim point to concerns that court's analysis of prejudice. *Quach* held in relevant part that the plaintiff opposing arbitration failed to establish prejudice in part because the litigation and discovery the parties engaged in did not allow the defendant to "'gain information about the other side's case that could not have been gained in arbitration.' [Citation.]" (*Quach*, *supra*, 78

13

Cal.App.5th at p. 479, review granted.) *Quach* then held that the trial court mistakenly found the defendant had waived its right to arbitration because the plaintiff was not prejudiced, without deciding whether the defendant's conduct was inconsistent with its right to arbitrate. (*Id.* at pp. 478-479; see also *id.* at p. 749 (conc. & dis. opn. of Crandall, J.) [finding the defendant's conduct was inconsistent with its right to arbitrate].)

This leads us to address PBLG and Kim's argument that the trial court erred because, in their view, Del Toro had to show she was prejudiced by their conduct for the court to find waiver under California law. We disagree.

Prejudice is a factor courts *may* consider and it can be "determinative." (*Hoover v. American Income Life Ins. Co.* (2012) 206 Cal.App.4th 1193, 1206.) And our Supreme Court holds that prejudice is a "critical" consideration. (*St. Agnes*, *supra*, 31 Cal.4th at p. 1201.) But a showing of prejudice is not always required for a trial court to properly find a party waived its arbitration rights. (See, e.g., *Semprini v. Wedbush Securities, Inc.*, *supra*, 101 Cal.App.5th 518 [affirming trial court's waiver finding without considering prejudice].) To the extent *Quach* holds otherwise, we disagree, as does our Supreme Court.[5] (See *St. Agnes*, *supra*, at p. 1195 [holding "no single test delineates the nature of the conduct that will constitute a waiver of arbitration"]; *Wagner Construction Co. v. Pacific Mechanical Corp.* (2007) 41 Cal.4th 19, 29 ["Delay in demanding or seeking to compel arbitration can, indeed, justify denying a motion to compel."]; see also *Lewis*,

---

[5] *Quach* is also persuasive authority only because the Supreme Court granted review of the case. (Cal. Rules of Court, rule 8.1115(e)(1).)

*supra*, 205 Cal.App.4th at p. 444 ["No one of these [waiver] factors [from *St. Agnes*] predominates and each case must be examined in context."]; *Semprini v. Wedbush Securities, Inc.*, *supra*, at p. 526 ["Courts have found a waiver of the right to arbitration if the party seeking to compel arbitration has previously taken steps inconsistent with an intent to invoke arbitration *or* has unreasonably delayed in undertaking the procedure," italics added].)

More to the point, however, the trial court *did* find that PBLG and Kim's conduct prejudiced Del Toro, even though it stated a showing a prejudice is no longer required after *Morgan*. The court found that PBLG and Kim waived their arbitration rights because their litigation conduct and delay "deprived the parties of a speedy resolution of the dispute via arbitration." In so doing, the court relied exclusively on *Burton v. Cruise* (2010) 190 Cal.App.4th 939 at page 949, which held in relevant part that "circumvent[ing] the expected benefits to be achieved from a speedy and relatively inexpensive arbitral forum" by litigating a case in court "[d]epriv[es] a party of the benefits of his or her bargain" and "is the epitome of prejudice."

So, even though the trial court thought prejudice is no longer required, the court nonetheless found that Del Toro was prejudiced by PBLG and Kim's litigation conduct and delay. Substantial evidence and substantial case law supports that finding. (See e.g., *Burton v. Cruise*, *supra*, 190 Cal.App.4th at p. 949; *Guess?, Inc. v. Superior Court*, *supra*, 79 Cal.App.4th at p. 558; *Adolph v. Coastal Auto Sales, Inc.*, *supra*, 184

15

Cal.App.4th at p. 1452; *Lewis*, *supra*, 205 Cal.App.4th at p. 452; *Kaneko Ford Design v. Citipark, Inc.* (1988) 202 Cal.App.3d 1220, 1228-1229.)

In short, the record amply shows that PBLG and Kim acted inconsistently with their right to arbitrate Del Toro's claims and unreasonably delayed asserting that right, which prejudiced Del Toro. Substantial evidence thus supports the trial court's finding that PBLG and Kim waived their arbitration rights. We therefore affirm the trial court's order denying their motion to compel arbitration. (See *Kokubu v. Sudo*, *supra*, 76 Cal.App.5th 1074, 1083 [appellate court may not reverse trial court's waiver finding unless the record compels a finding of no waiver as a matter of law].)

IV.

DISPOSITION

The trial court's order denying PBLG and Kim's motion to compel arbitration, joined by the Enriquez defendants, is affirmed. Del Toro may recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


MILLER
       Acting P. J.


RAPHAEL
       J.

16